Francis Michael Palier, Counter-Defendant-Appellee, v. Dreis and Krump Manufacturing Company, an Illinois Corporation, Defendant, v. New City Iron Works, Counter-Plaintiff-Appellant.

Gen. No. 51,002.

First District, Second Division.

February 27, 1967.

1

Herbert L. Caplan, of Chicago (Herbert L. Caplan and John H. Scheid, of counsel), for appellant.

Leonard M. Ring, of Chicago, for appellee.

MR. PRESIDING JUSTICE LYONS delivered the opinion of the court.

This is an appeal from an order dismissing a counterclaim for indemnity brought by New City Iron Works, a third party defendant in the proceedings below, against Francis Michael Palier, its employee and original plaintiff to the action. The counterclaim against Palier was filed in response to a third party complaint impleading New City Iron Works brought by Dreis and Krump Manufacturing Company, a defendant in this action, for damages under The Structural Work Act in a suit initiated by Palier.

On September 8, 1960, the original plaintiff and now counter-defendant-appellee, Francis Michael Palier (hereinafter referred to as Palier) was in the employ of the third party defendant and counter-plaintiff-appellant, New City Iron Works (hereinafter referred to as New City) as a structural iron worker of some seventeen years' experience. Palier was working on the premises of defendant and third party plaintiff, Dreis and Krump Manufacturing Company (hereinafter referred to as Dreis and Krump). Palier personally erected a hanging scaffold some thirty to thirty-five feet above the ground which hung from the building's framework. The scaffold, a small plywood deck with a one-inch lip around its perimeter, was erected without the protection of the customary two by four-inch guard rails in specific violation of paragraph 2 of section 60 of The Structural Work Act, more commonly referred to as the Scaffold Act (Ill Rev Stats 1965, c 48, par 60). Palier was in the process of bolting up certain girders with an air

3

impact wrench and riveting gun atop the scaffold. He had taken up with him numerous bolts, pins, and washers onto the scaffold, some of which he scattered on the floor of the deck on which he was working. Stepping back to position the riveting gun, Palier slipped on one of these loose pins or bolts on the floor, causing him to fall backward off the scaffold resulting in the injuries for which his claim was brought against Dreis and Krump under the Scaffold Act. New City had paid Palier, its employee, benefits in the amount of $2,818.20 under the Workmen's Compensation Act.

Dreis and Krump filed a motion for summary judgment against Palier which was sustained by the trial judge, appealed, reversed and remanded, and is still pending determination. Dreis and Krump then filed a third party complaint based on implied indemnity against New City. New City filed a motion to dismiss that complaint, which was denied. This third party action is also still pending at this time. New City then filed its counterclaim against Palier, based upon the same theory of implied indemnity by which it was impleaded. Palier filed an unsupported motion to dismiss the counterclaim which was sustained and from which this appeal is taken by New City. The relevant provision of the Scaffold Act (Ill Rev Stats 1965, c 48, par 69), imposes civil liability upon:

> Any owner, contractor, sub-contractor, foreman or other person having charge of the erection, construction, repairing, alteration, removal or painting of any building, . . . .

It is appellant-New City's theory of the case: (1) that Palier's motion to dismiss its counterclaim admits all the allegations well pleaded, (2) that an impleaded party has the same right to maintain an indemnity action as any other defendant, (3) that an employer, vicariously liable for the negligence of its employee, may maintain an

4

action for indemnity against that employee, and (4) that the counterclaim for indemnity is an action separate and apart from those traditionally barred by the Scaffold Act.

It is appellee-Palier's theory of the case that no action for indemnity may be maintained against an injured workman who has recovered or seeks to recover for a wilful violation of the Scaffold Act because: (1) to permit such an action would, in effect, deny protection of the Act to any workman guilty of contributory negligence, and (2) to allow an employee's negligence under the Act to bar or negative his right to recovery would frustrate the very object of the Act which was designed to eliminate such negligence as a defense to actions brought thereunder.

 That a third party defendant has a right to maintain a proper indemnity action by way of counterclaim against the plaintiff, there can be no doubt. Ill Rev Stats 1965, c 110, par 25(2) and par 38(1). A motion to dismiss admits all of the allegations of the complaint or counterclaim well pleaded. On review of a dismissal made in response to such a motion, it is the function of this court to determine whether the facts alleged in the counterclaim, uncontested and standing alone, evidence any possibility of recovery. Should such a possibility appear, the order of dismissal must be vacated. Such a motion to dismiss does not, however, admit alleged conclusions of the pleader, opinions, argumentative matter, irrelevant material, or other parts not properly pleaded. Reat v. Illinois Cent. R. Co., 47 Ill App2d 267, 197 NE2d 860 (1964).

 New City argues that since Palier's negligent acts and omissions are admitted to be true and since an employer is vicariously liable for such conduct by its employee, it may maintain an action for indemnity against that employee even when no express indemnity agreement is in effect between the parties. Holcomb v.

5

Flavin, 37 Ill App2d 359, 185 NE2d 716 (1962); Embree v. Gormley, 49 Ill App2d 85, 199 NE2d 250 (1964). This court recognizes the existence of such "implied" indemnity agreements. Essentially, this theory of indemnity has found its way into Illinois law because of this State's long established refusal to allow contribution among tortfeasors who acted in pari delicto. Instead, it allows a passively negligent tort-feasor to obtain indemnification from an actively negligent tort-feasor on the basis of the legal fiction of an implied indemnity agreement.

The Holcomb and Embree cases relied upon by New City, however, involved indemnity actions by an employer against his employee as here, but only where the employee's own negligence injured a third party, thus creating a vicarious liability upon the employer-indemnitee. These cases are distinguishable from the case at bar, for in the instant case the alleged negligence of the employee occasioned injury only to himself. Moreover, Palier's opportunity for recovery is specifically provided for by two statutes to the exclusion of the common law.

New City's reliance on the case of The John Griffiths & Son Co. v. The National Fireproofing Co., 310 Ill 331, 141 NE 739 (1923), where the court stated that the ultimate responsibility should be placed upon him whose fault was the primary cause of the injury, is equally not in point to the issue here involved because, unlike the facts under consideration, there existed an express written indemnity agreement between the parties.

New City further maintains that its indemnity action is separate and apart from the Scaffold Act and the immunities granted employees thereunder. It contends that the action it brings is based solely upon a liability which may accrue to them as a result of an action over by Dreis and Krump, independent of the Scaffold Act. The court is of the opinion that such a contention is not well founded. New City's liability to Dreis and Krump,

6

if at all, can only be predicated upon a violation of the Scaffold Act. It cannot be said that an indemnity action against an employee by an employer, whose indemnity counterclaim hinges upon the possibility of being liable to another under the provisions of the Scaffold Act, is an action separate and apart from such statute. We feel such a result would be incorrect.

New City next argues that Palier is, in the final analysis, attempting to obtain from it a double recovery in express violation of the Workmen's Compensation Act, Ill Rev Stats 1965, c 48, par 138.5(a), which defines but a singular liability for the employer:

> No common law or statutory right to recover damages from the employer or his employees for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, shall be available to any employee who is covered by the provisions of this Act, . . . .

Furthermore, New City maintains, notwithstanding the existence of the Scaffold Act, that an injured employee does not necessarily have a twofold remedy at his disposal. In this conjunction, it relies on Gannon v. Chicago, M., St. P. & P. Ry. Co., 22 Ill2d 305, 175 NE2d 785 (1961), where the Illinois Supreme Court said:

> We also realize that under our view, the Scaffold Act may not always afford an injured party a remedy in addition to workman's compensation. Since the Scaffold Act was enacted prior to the Workmen's Compensation Act, it is obviously not designed to provide any such additional remedy, and any lessening of the effectiveness of the Scaffold Act is due, not to our construction of it, but to the provision in the Workmen's Compensation Act making it the exclusive remedy against the employer. It is

7

not the province of this court to distort the Scaffold Act in order to insure double remedy, and authorize, by indirection what the Workmen's Compensation Act prohibits by a direct action.

The claim that Palier is seeking a double remedy from his employer in violation of such Act is totally without merit. Palier's action is brought, not against New City, but rather Dreis and Krump, under the civil liabilities provision of the Scaffold Act, a statute clearly unrelated to the Workmen's Compensation Act. The mere fact that an employer may be exposed to a second liability by way of indemnity does in no way, by itself, confer upon him a vested right to counterclaim against his employee as a setoff to this possible liability. The reasoning is clear. An employer is capable of violating the terms of the Scaffold Act as the person or thing "having charge of," notwithstanding his absolute liability under the Workmen's Compensation Act, whereas an employee is not. Moreover, the Workmen's Compensation Act mitigates the effect of possible multiple liability being imposed on the employer. The Act provides that when an employee recovers damages from one other than his employer, in addition to his benefits under the statute, the employer may collect from that employee the amount of such benefits so paid or the amount the employee collected from a third person for the same injury, not to exceed the amount of the benefits paid by the employer. Ill Rev Stats 1965, c 48, par 138.5 (b).

The Gannon case equally bears little relevance to the issue before this court. In remanding that case so that plaintiff might properly try his case under that court's interpretation of the Scaffold Act, the court said:

However, our interpretation certainly would not repeal the Scaffold Act as a civil remedy, as plaintiff suggests. Any employee or other person injured by a wilful violation of the act by any of the enu-

merated persons having charge of the structural work still has an action against such party.

New City stresses the inconsistency of the trial court's refusal to allow its counterclaim against Palier and at the same time, permit the third party action over against it by Dreis and Krump, both being based on the identical theories of implied indemnity. The argument is fallacious simply because both indemnity actions are based on a liability which may accrue under the Scaffold Act. Palier is a protected person within the meaning of that Act, totally incapable of a violation thereof whether actively or passively. Conversely, New City, as owner of the scaffold, is capable of a violation thereof as, "any owner, contractor, subcontractor, foreman, or other person having charge of the erection, construction, repairing, alteration, removal or painting of any building . . . ," and can be made to suffer indemnity for such a violation. As the Supreme Court stated in Miller v. DeWitt, No. 39428, Ill Supreme Court, decided September, 1966:

> . . . although the liability imposed by the Structural Work Act does not rest upon negligence, there can be degrees of fault among those who, under the Act, are accountable to an injured plaintiff.

■ The fact that two different interpretations would have to be given the phrase "having charge of" by the court to implement such a right of recovery is of no consequence. The phrase, "having charge of," is a generic term of broad import and is not limited to only those persons who actually erect a scaffold, or to an owner having supervision and control. Larson v. Commonwealth Edison Co., 33 Ill2d 316, 211 NE2d 247 (1965); Miller v. DeWitt, No. 39428, Illinois Supreme Court, decided September, 1966.

■ Under the Holcomb and Embree decisions previously discussed, an employer, vicariously liable for

9

the negligence of its servant toward a third person, could save himself harmless by an indemnity action over against such employee as the employee is the active wrongdoer. This rule, however, does not obtain where, as here, the employee's alleged contributory negligence occasions injury to himself alone under circumstances clearly within the purview of the Scaffold Act. Under the Act, the common-law defenses of contributory negligence, assumption of risk, and the fellow servant doctrine are no bar to recovery of an employee injured by a wilful violation thereof. Gannon v. Chicago, M., St. P. & P. Ry. Co., 22 Ill2d 305, 175 NE2d 785 (1961).

The object to be attained by the Scaffold Act was to prevent injuries to persons employed in this dangerous and extra-hazardous occupation, so that negligence on their part in the manner of doing their work might not prove fatal. The fact that a plaintiff may have been concurrently at fault is no defense. Schultz v. The Henry Ericsson Co., 264 Ill 156, 106 NE 236 (1914); Rimmke v. Gierich, 335 Ill App 125, 81 NE2d 221 (1948); Bryntesen v. Carroll Const. Co., 27 Ill2d 566, 190 NE2d 315 (1963); Gundich v. Emerson-Comstock Co., 21 Ill2d 117, 171 NE2d 60 (1960). In Koenig v. Patrick Const. Corp., 298 NY 313, 83 NE2d 133 (1948), the New York Court in construing a similar statute said:

> If the employer could avoid this duty by pointing to the concurrent negligence of the injured.worker in using the equipment, the beneficial purpose of the statute might well be frustrated and nullified. . . . is to be construed as liberally as may be for the accomplishment of the purpose for which it was thus framed.

Similarly, our highest court in Gannon v. Chicago, M., St. P. & P. Ry. Co., 22 Ill2d 305, 175 NE2d 785 (1961), after conducting a thorough analysis of the case law concerning interpretations of the Scaffold Act, stated:

10

In considering the construction of this Act, we must apply the legal axiom that the words of a statute should be construed to give effect to the legislative intention, which must be ascertained not only from the language of the entire act, but from the evil to be remedied and the object to be attained.

While the aforementioned cases do not involve indemnity actions against an employee, they nonetheless evidence the intent promulgated by our legislature.

■ The Scaffold Act was enacted in 1907 some four years before the birth of the Workmen's Compensation Act. It came into force and effect at a time when employers were continually escaping liability by imposition of the common law defenses against their employees, engaged in hazardous work. It was the Act's intent to rectify this hardship. The statute itself, Ill Rev Stats 1965, c 48, is prefixed by the statement:

An act providing for the protection and safety of persons in and about the construction, repairing, alteration, or removal of buildings, . . . .

The later enactment of the Workmen's Compensation Act in no way evidences any alteration of this intention.

New City cannot avoid the legal consequences of such pronounced intent by claiming that Palier has conceded New City's points and authorities by his alleged failure to answer responsively to them. Nor does Stubbs v. Austin, 285 Ill App 535, 2 NE2d 358 (1936) represent a contrary position as New City professes. There the defendant failed to respond to plaintiff's alleged grounds for reversal based upon a hitherto disputed question of fact involving the right to possession under an issuance of a Writ of Assistance. No such dispute of facts exists in the instant case.

■ Recognizing full well that the Scaffold Act is framed negatively in such a way so as to protect an

employee from the bar of affirmative defenses, the court is dealing here with an allegation of negligence asserted affirmatively against an employee as a basis of a recoverable cause of action. It would be pure hypocrisy, taking cognizance of the manifest legislative intent and case law on the subject, for this court to say that such an affirmative action is not barred by the Act's blanket protection afforded employees. To allow this indemnity counterclaim would defeat the very purpose for which the statute was enacted, circumvent the valid and uniform construction of it adhered to by our courts, and create an unwarranted circuity of action.

Suffice to say, the General Assembly has had ample time to, in some way, alter or amend the Scaffold Act and its interpretation, yet the statute remains substantially unchanged since its enactment in 1907. New City's circuitous action cannot be allowed to accomplish indirectly that which is statutorily prohibited directly.

For the above reasons, the order dismissing the counterclaim is affirmed.

Order affirmed.

BURKE and BRYANT, JJ., concur.