Robert Walker, Plaintiff, v. Service Liquor Store, Inc., a Corporation, Defendant.

Service Liquor Store, Inc., a Corporation, Third-Party Plaintiff-Appellant, v. Steven W. Clem, Third-Party Defendant-Appellee.

Gen. No. 11,164.

Fourth District.

February 17, 1970.

Harold A. Baker, Timothy O. Madigan, Hatch, Corazza, Baker & Jensen, of Champaign, for appellant.

John C. Bergstrom, of Urbana, for appellee.

SMITH, J.

██ May a dramshop keeper seek indemnity from an intoxicated person for damages paid by such keeper resulting from the willful, deliberate and malicious acts of an intoxicated person? Sitting in the first district, this court answered this question in the affirmative. Geocaris v. Bangs, 91 Ill App2d 81, 234 NE2d 17. Here, as there, we deal only with the sufficiency of the complaint seeking indemnity. Here, as there, we must take the facts alleged in the complaint as true. The trial court dismissed the third-party complaint and entered a judgment that the dramshop keeper take nothing by his suit, and this appeal followed. We adhere to the principles stated in Geocaris and must reverse and remand to the trial court for further proceedings.

██ ██ The complaint alleges in substance that the defendant, Clem (then 18 years of age), purchased intoxicating liquor from the defendant package liquor store. Two days later he positioned himself on a bridge above the northbound lane of traffic on an interstate highway and dropped an automobile wheel and tire through the windshield of a car below. Its driver, the plaintiff (Walker), lost control of his car and sustained severe injuries and the loss of sight in one eye. Walker sued the package liquor store for injuries caused by an intoxicated person under the provision of our Dram Shop Act, Ill Rev Stats 1967, c 43, § 135. Service, the liquor store, sued Clem in a third-party complaint in event

Walker should be successful against it in his damage suit. If Service wins in Walker's suit against it, there is no need for indemnification and the issue becomes moot. We noted in Geocaris, however, that a third-party complaint need not establish an absolute right to recovery but need only show a possibility of recovery. In Miller v. DeWitt, 37 Ill2d 273, 226 NE2d 630, our Supreme Court suggests that a third-party complaint should not be dismissed unless it appears from the pleadings that in no event could the third-party plaintiff have an action over against the third-party defendant.

The principal thrust of the appellee's argument is that Geocaris is contrary to the public policy established by the legislative and decisional law in this State and should be repudiated. The position is in substance that the financial burdens for injuries caused by intoxication or in consequence of intoxication caused in whole or in part by the use of intoxicating liquors should be borne by the liquor industry which profits therefrom. Coffey v. ABC Liquor Stores, Inc., 13 Ill App2d 510, 142 NE2d 705; McDonald v. Trampf, 49 Ill App2d 106, 198 NE2d 537; Tresch v. Nielsen, 57 Ill App2d 469, 207 NE2d 109; Cunningham v. Brown, 22 Ill2d 23, 174 NE2d 153.

■ The Dram Shop Act neither permits nor precludes indemnification. Thus its precise terms do not answer the problem of indemnification. The Dram Shop Act prohibits a sale to or a purchase by anyone under 21 years of age and this applies to a female who, for most other purposes except voting, is considered an adult at 18. It is thus clear that the legislature has not based its public policy solely on minority. We have noted that Clem was a male, 18 years of age. He was a wrongdoer under the Dram Shop Act by purchasing the liquor. The vendor likewise was a wrongdoer by selling to him. Both are subject to the criminal sanctions imposed by the Act, but such sanctions have no relationship to civil responsibility or civil liability.

114

■ ■ In Prosser, Law of Torts, 3d ed 1964, § 48, p 281, it is stated:

"Indemnity is a shifting of responsibility from the shoulders of one person to another; and the duty to indemnify will be recognized in cases where community opinion would consider that in justice the responsibility should rest upon one rather than the other. This may be because of the relation of the parties to one another, and the consequent duty owed; or it may be because of a significant difference in the kind or quality of their conduct."

Illinois has recognized a difference in the kind and quality of tortious conduct in declaring that Illinois does not allow contribution among joint tort-feasors, but it does allow a passively negligent tort-feasor to obtain indemnification from an actively negligent tort-feasor. Miller v. DeWitt, 37 Ill2d 273, 226 NE2d 630. It appears from the record here that the defendant, Clem, is now serving a five-year term of probation after a conviction on charges arising out of his conduct herein and that included as a condition of such probation was an order for restitution by the defendant of certain of the plaintiff's damages. This record thus establishes that the activity of Service was passive and the activity of Clem was willful, intentional, deliberate and actively tortious.

■ In both Geocaris and here, it is scarcely debatable but that the conduct of the third-party defendant is more reprehensible than that of the third-party plaintiff. We need not search for a specific preexisting peg upon which to hang our hats and justify indemnification. We find it difficult to suggest that the liquor store and Clem were concurring tort-feasors. The sale took place on December 24. The drinking and the actions of Clem took place two days later. It flies in the face of actuality to say that the two acts of the two defendants were concurrent. It is equally disruptive of actuality to

115

suggest that this case is an effort to seek contribution among joint tort-feasors. The suit is predicated upon the proposition that the liquor store sold without knowledge of the minority of the defendant (if that makes any difference) and seeks total indemnification from the defendant. As we understand the case, it does not seek an apportionment of the damages between the two so-called wrongdoers, but seeks total indemnification by one against the other for the wrongdoing of the latter who, as the pleadings here suggest, is the primary moving proximate cause of such injury or damage. In Sargent v. Interstate Bakeries, Inc., 86 Ill App2d 187, 229 NE2d 769, it was noted that the law searches constantly for the imposition of burden commensurate with fault. In DeWitt, Sargent and Geocaris, we dealt with pleadings. We adhere to the views stated in Geocaris that unless it appears from such pleadings that in no event could the third-party plaintiff have an action over against the third-party defendant the issues should go to the jury to determine the respective rights and liabilities of the third-party plaintiff and the third-party defendant inter se. This cause is accordingly reversed and remanded for proceedings consistent with this opinion.

Reversed and remanded.

CRAVEN, P. J. and TRAPP, J., concur.