HAROLD MAAS *et al.*, d/b/a MAAS BROTHERS, Plaintiff, *v.* OTTAWA STOCK-DALE FERTILIZER, INCORPORATED, Defendant—(OTTAWA STOCKDALE FERTILIZER INCORPORATED, Third-Party Plaintiff-Appellant, *v.* ALBERT BEERS, Highway Commissioner of South Ottawa Road District, La Salle County, Third-Party Defendant-Appellee.)

(No. 72-124; ▮▮▮▮▮▮)

Third District—December 29, 1972.

Robert E. White, of Ottawa, for appellant.

Peter F. Ferracuti, of Ottawa, (T. Donald Henson, of counsel,) for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The original complaint filed in this cause by Harold Maas and Gilbert Maas d/b/a Maas Brothers charged Ottawa Stockdale Fertilizer, Inc., defendant and third party plaintiff, with negligently and knowingly spraying a poisonous brush killer on or near the Maas property which caused the death of a number of their cattle.

Ottawa Stockdale, Inc., filed a third party complaint against Albert Beers, Highway Commissioner of South Ottawa Road District, La Salle County, Illinois, which charged that the spraying was done pursuant to an agreement with Beers, who furnished the brush killer, and therefore if harm or death resulted to the cattle from the spraying and liability for such was found against Ottawa Stockdale, Inc., then recovery from Beers could be had by Ottawa Stockdale, Inc., since his negligence was active in that he supplied the harmful substance, while their negligence, if any, was only secondary and passive.

Upon leave of court Ottawa Stockdale, Inc., the third party plaintiff, was permitted to file an amended complaint which added a second count which charged Beers, the third party defendant, with breach of an oral contract by failure to supply a non-toxic weed and brush killer and that in event of recovery by Maas, the plaintiff, from Ottawa Stockdale, Inc., then indemnity could be had against Beers for such breach.

Beers, the third party defendant, moved to dismiss the third party complaint on several grounds but we are primarily concerned with the

trial court's finding supported by a written opinion to the effect that there was no possibility of recovery by Ottawa Stockdale against Beers under the amended third party complaint for indemnity and therefore the pleading should be dismissed in its entirety.

■■ Section 25 (2) of the Illinois Practice Act (Ch. 110, Sec. 25 (2), Ill. Rev. Stat.), permits a defendant to implead as a third party defendant any person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The purpose of this section is the same as that of Federal Rule 14, which is to save the time and cost of a reduplication of evidence, to obtain consistent results from identical or similar evidence, and to do away with the serious handicap to a defendant of a time difference between a judgment against him, and a judgment in his favor against the third party defendant. (*Muhlbauer v. Kruzel*, 39 Ill.2d 226, 234 N.E.2d 790.) Section 25 (2) was designed to avoid circuity of action and "to permit the determination of the rights and liabilities of all parties before a single tribunal and upon the same evidence." *Miller v. DeWitt*, 37 Ill.2d 273, 226 N.E.2d 630.

■■■ As stated in *Muhlbauer* this section is not a device for tendering a new defendant to a plaintiff nor does it create substantive rights. Consequently, a third party complaint will be dismissed if it fails to state a cause of action by the defendant against the third party defendant.

Numerous classifications of the various factual situations that give rise to the remedy of indemnity by impleading a third party have been proposed. (See *e.g. Gulf Mobile & Ohio R.R. Co. v. Arthur Dixon Transfer Co.*, 343 Ill.App. 148, 98 N.E.2d 783; *Hendrickson v. Minnesota Power & Light Co.*, 258 Minn. 368, 104 N.E.2d 843; Leflar, Contribution and Indemnity Between Joint Tort Feasors, 81 U. Pa. L. Rev. 130 (1932); Feirich, Third Party Practices, 1967 Ill. L. F. 236.) One of the classifications set forth by Feirich in his Law Forum article is that "Where two (or more) parties are alleged to have been involved in causing an injury to a third person, the one whose conduct is merely passive or secondary is entitled to indemnity from the party whose conduct was active or primary." This is the classification which is commonly referred to as the "active-passive" situation and which we are confronted with in the instant suit.

Ottawa Stockdale, Inc., alleges that Beers' negligence was active in supplying a harmful substance while their negligence, if any, was passive and secondary and therefore if any liability was imposed upon them they should have a right of indemnity against Beers. As we have stated the trial court did not agree with this contention of Ottawa Stockdale, Inc., and dismissed its third party complaint. In determining when a motion should be allowed dismissing a third party complaint without hear-

ing evidence we are guided by the decisions in the cases of *Miller v. DeWitt,* 37 Ill.2d 273, 226 N.E.2d 630, and *Palier v. Dreis and Krump Manufacturing Co.,* 81 Ill.App.2d 1, 225 N.E.2d 67.

■■ Our Supreme Court in *Miller* has established that the only proper situation in which a trial court should dismiss a third party complaint on motion, without hearing evidence, is where the complaint contains allegations of "active" negligence and no others, and the third party complaint shows on its face that the indemnitor's conduct, as a matter of law, is less culpable than that of the indemnitee. See Feirich, Third Party Practice, 1967 Ill. L. F. 236. In *Palier* the reviewing court stated:

"That a third party defendant has the right to maintain a proper indemnity action by way of counterclaim against the plaintiff, there can be no doubt. * * * A motion to dismiss admits all of the allegations of the complaint or counterclaim well pleaded. On review of a dismissal made in response to such a motion, it is the function of this court to determine whether the facts alleged in the counterclaim, uncontested and standing alone, evidenced any possibility of recovery. Should such a possibility appear, the order of dismissal must be vacated. Such a motion to dismiss does not, however, admit alleged conclusions of the pleader, opinions, argumentative matter, irrelevant material, or other parts not properly pleaded. * * *"

We have set forth the guide line cases of *Miller* and *Palier* since the third party plaintiff, Ottawa Stockdale, Inc., contends that the trial court's opinion was based upon the philosophy set forth in *Halligan v. Shulman,* 31 Ill.App.2d 168, 175 N.E.2d 590. It is Ottawa Stockdale, Inc.'s contention that in *Shulman* the reviewing court held that a single allegation of active negligence against the indemnitee would as a matter of law preclude a third party action for indemnity. We do not so interpret the trial court's opinion nor do we concede that the ruling in *Shulman* is as stringent as contended by Ottawa Stockdale, Inc., but we need not concern ourselves with this contention since this court as well as the trial court is charged with examining the complaint and record and then making a determination as to whether a third party complaint was properly or improperly dismissed.

This court in *Gillette v. Todd,* 106 Ill.App.2d 287, 245 N.E.2d 923, was confronted with a factual situation and legal question strikingly similar to those presented in the instant case. In *Gillette* a school teacher brought suit against an oil company and its employee for injuries she received when she was struck by a door leading from the school gymnasium when it was opened by the employee. A third party action was instituted against the board of education seeking indemnity on the basis that the

plaintiff's injuries were caused by the active negligence of the school in negligently designing, constructing and equipping the door. A motion to strike the third party complaint was allowed without any evidentiary hearing. On review this court noted the reluctance of courts to dismiss third party pleadings but nevertheless after examining the complaint and the record affirmed the trial court's dismissal since such examination disclosed that there was no possibility of recovery from the board of education by the oil company and its employee. We believe that the following language of this court in *Gillette* is pertinent in that it illustrates that the requirements set forth in the cases of *Miller* and *Palier* were met in arriving at a determination of the issue presented:

> "The school district could not be impleaded for indemnification purposes unless the Third Party complaint and record disclosed facts showing a possibility of recovery, on the indemnification theory to which we have referred in this opinion, by Todd and the Suburban Oil Company, as against the school district. From the record it is apparent that the conduct of Todd and Suburban Oil Company if found to be negligence in the principal action could only be classified as active negligence. Todd's action in physically pushing open the gymnasium door caused the door to strike and injure plaintiff. It is obvious from the record that it was not the condition of the door alone or of the corridor or gymnasium which caused the injury to plaintiff. It, at the very least, required the active, and potentially negligent, operation by Todd to cause the injury. If Todd and Suburban Oil Company were in fact guilty of active negligence, there could be no indemnity from the school district irrespective of whether the negligence of the school district was classified as active or passive (Chicago & Illinois Midland Ry. Co. v. Evans Construction Co., 32 Ill.2d 600, 208 N.E.2d 573)."

■■ Following the guidelines set forth in the cases of *Miller, Palier* and *Gillette,* we direct our attention to the complaint and record in the case now before us. In *Gillette* it was the physical act of opening the door regardless of its design or condition that was active negligence, which caused harm to the plaintiff. In the instant case it was the physical act of Ottawa Stockdale, Inc. in spraying and applying brush killer which it knew or should have known was toxic to cattle that caused harm to the plaintiff's cattle. The act of spraying alone was not the conduct which caused harm to plaintiff's cattle, such conduct becoming harmful only because the spray was toxic. Since defendant's liability can only be predicated on his active negligence indemnity is improper even though third party defendant's conduct in supplying the toxic product is claimed to

be a concurring cause of plaintiff's injury. Had the brush killer been properly sprayed and applied to the property of the plaintiff Maas there would not have been an original suit filed and hence no third party action. We can only conclude that the trial court properly determined that the pleadings before it evidenced no possibility of recovery by Ottawa Stockdale, Inc. from Beers and that the third party complaint was properly dismissed.

■■ As we previously noted Ottawa Stockdale, Inc. amended its third party complaint, alleging an oral agreement whereby Beers was to provide a non-toxic weed killer. It was further alleged in this amendment that Beers violated the agreement by providing a toxic substance and therefore should the plaintiff Maas obtain judgment against Ottawa Stockdale, Inc. then it would be entitled to be indemnified by Beers on an implied contractual theory. The trial court found no merit in this theory and we agree. In *Wrobel v. Trapani*, 129 Ill.App.2d 306, 264 N.E. 2d 240, the reviewing court was confronted with the issue of the nature and extent of a third party plaintiff's implied contractual right to indemnity arising out of the breach of a service or non-sale agreement. We do not deem it necessary to set forth a lengthy recital of the factual situation in *Wrobel*. It is suffice to say that like the instant case it presented to the reviewing court the problem of determining the nature and extent of implied contractual rights to indemnity where there was present a certain amount of alleged negligence on the part of the indemnitee. The court in *Wrobel* stated as follows:

> "While the opinions in these cases may be subject to the criticism that they employ a mixture of terms from contract and tort law, they are, nevertheless, readily understandable and possible of application. Adhering strictly to contract principles, it may properly be said that an indemnitee cannot obtain redress if his own conduct is sufficient to preclude recovery. But recognition of that rule still leaves us without guidelines necessary to determine the character of such conduct. We believe that the borrowing of the 'active-passive negligence' concept from tort law is quite useful in the situation presented by the case now before us. While not satisfying the legal purist, it does, by fortunate accident, make available a substantial body of case law which deals with the same —or practically the same—facts of conduct which will, or will not, permit recovery."

Based upon the reasoning in *Wrobel*, Ottawa Stockdale, Inc. was not entitled to indemnity from Beers on the implied contract theory, any more than it was entitled to indemnity under a tort theory.

Although other issues were raised in this appeal, having concluded

that the trial court was correct in its ruling that there was no possibility of recovery under the third party complaint, we find that it is not necessary to make determination in regard to these additional issues.

For the reasons set forth the order of the trial court dismissing the third party complaint is affirmed.

Affirmed.

STOUDER, P. J., and ALLOY, J., concur.