MARGARET REED, Plaintiff, *v.* THE CITY OF BELLEVILLE, Defendant and Third-Party Plaintiff-Appellant—(S. S. KRESGE CO., Defendant, and SYL FIETSAM, d/b/a SYL FIETSAM JEWELERS, Third-Party Defendant-Appellee).

(No. 74-158;

Fifth District—October 15, 1974.

Robert J. Sprague, of Belleville, for appellant.

Wagner, Bertrand, Bauman & Schmieder, of Belleville (John D. Bauman, of counsel), for appellee Syl Fietsam Jewelers.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

The City of Belleville, defendant and third-party plaintiff, appeals from a judgment of the circuit court of St. Clair County dismissing its third-party complaint against Syl Fietsam, d/b/a Syl Fietsam Jewelers.

Plaintiff filed her complaint against the City of Belleville for personal injuries, alleging among other things that the city was negligent in permitting sand and other loose materials to remain upon the sidewalk. The city filed its answer and then filed a third-party complaint against S. S. Kresge Company and Syl Fietsam, d/b/a Syl Fietsam Jewelers. Both third-party defendants filed motions to dismiss the third-party complaint. S. S. Kresge Company's motion was allowed and the city was given leave to amend. An amended third-party complaint was filed to which S. S. Kresge filed an answer. However, third-party defendant

Fietsam's motion was allowed and the trial court made a finding that there was no just reason for delaying the appeal.

The third-party complaint reads in part:

"That if the incident occurred as alleged, it was the direct and proximate result of the *active and primary negligence* of S. S. Kresge Co. and Syl Fietsam Jewelers, who caused said loose sand and material to be placed and to remain upon said sidewalk, and that the city of Belleville, third party plaintiff's conduct was merely *passive and secondary.*" (Emphasis added.)

The only question presented for review is whether the trial court properly dismissed the third-party complaint against the defendant Fietsam when the city alleged that its negligence was passive and that of Fietsam was active.

■■ Generally, Illinois does not allow contribution among joint tortfeasors. However, this State does allow a passively negligent tort-feasor to obtain indemnification from an actively negligent tort-feasor. *John Griffiths & Son Co. v. National Fireproofing Co.*, 310 Ill. 331, 141 N.E. 739; *Miller v. DeWitt*, 37 Ill.2d 273, 226 N.E.2d 630; *Walker v. Service Liquor Store, Inc.* 120 Ill.App.2d 112, 255 N.E.2d 613; *Maas v. Ottawa Stockdale Fertilizer, Inc.*, 9 Ill.App.3d 33, 291 N.E.2d 514.

■■ For the foregoing reasons this case is remanded with directions that the third-party defendant Syl Fietsam, d/b/a Syl Fietsam Jewelers, be compelled to answer.

Reversed and remanded with directions.

CARTER and CREBS, JJ., concur.