Howard M. FLORA and Virginia
Flora, Plaintiffs,

v.

HOME FEDERAL SAVINGS AND LOAN
ASSOCIATION, an Illinois Corporation,
Charles F. Kaltenbach and Thomas V.
Ferenc, Individually and doing business
as Kaltenbach and Ferenc, a partner-
ship, Charles Miller Electric Company,
an Illinois Corporation, and Illinois Hy-
draulic Construction Co., a Foreign Cor-
poration, Defendants.

HOME FEDERAL SAVINGS AND LOAN
ASSOCIATION, an Illinois Corporation,
Counter-plaintiff,

v.

Howard M. FLORA, doing business as
Flora Construction Co.,
Counter-defendant.

No. 79 C 3645.

United States District Court,
N. D. Illinois, E. D.

May 2, 1980.

Peter C. Bazos, Elgin, Robert J. Cooney,
Cooney & Stenn, Chicago, Ill., for plaintiffs.

William J. Furey, Hinshaw, Culbertson,
Moelmann, Hoban & Fuller, Ronald A. Pari-
zek, James G. Head & Associates, Chicago,
Ill., for defendants.

MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Howard M. Flora, doing busi-
ness as the Flora Construction Company,
participated in a construction project at de-
fendant Home Federal Savings and Loan
Association's ("Home Federal") offices in
Elgin, Illinois. During the course of this
project, Flora erected scaffolding at the job
site. As a result of injuries caused by a fall
from a scaffold on May 8, 1978, plaintiff
has brought this diversity action seeking
recovery under the Illinois Structural Work
Act. Ill.Rev.Stat. Ch. 48, § 60 *et seq.*

(1977). Home Federal has filed a counter-complaint against Flora seeking indemnification for any liability it may suffer in this case. Flora has moved to strike the counter-complaint on the ground that indemnification may not be sought against the injured person under the Structural Work Act. For the reasons hereinafter stated, Flora's motion is denied.

Flora argues that under the Structural Work Act the negligence of an employee may not be used to preclude recovery by that employee. Since he was working on the scaffold at the time of the injury, Flora contends that he falls within the Act's protection. On the other hand, Home Federal asserts that Flora assumed the dual capacity of employer and employee on the job and that while the Act protects Flora as an employee, it offers no similar shield from his liability as an employer.

A party may have separate and distinct legal capacities. *See Duprey v. Shane,* 39 Cal.2d 781, 249 P.2d 8 (1952); *Marcus v. Green,* 13 Ill.App.3d 699, 300 N.E.2d 512 (5th Dist. 1973). Flora may have been both an employee and employer on the construction site. In Illinois, the Structural Work Act has been construed to permit defendants guilty of passive negligence to receive indemnification from actively negligent parties. *McInerney v. Hasbrook Construction Co.,* 62 Ill.2d 93, 338 N.E.2d 868 (1975); *Miller v. DeWitt,* 37 Ill.2d 273, 226 N.E.2d 630 (1967). The Act, however, does not permit indemnification to be recovered against an employee for his own negligence. *See Palier v. Dreis and Krump Mfg. Co.,* 81 Ill.App.2d 1, 225 N.E.2d 67 (1st Dist. 1967). Thus, while Home Federal could obtain indemnification from Flora in his capacity as an employer, no such right exists against Flora, the employee.

The question arises as to whether the fact that Flora was both an employer and employee will preclude indemnification in this case. It would appear that indemnification is permitted against the employer in such a situation. In *National Oats Company v. Volkman,* 29 Ill.App.3d 298, 330 N.E.2d 514 (5th Dist. 1975), a partner in a construction company was killed while working on National's premises. The partner's next of kin filed suit and received a judgment against National. When National sought indemnification from the surviving partner, it was argued that indemnification was tantamount to a judgment against the injured person because the partnership entity would entitle him to cast liability for the indemnification upon the partnership. *Id.* at 303, 330 N.E.2d 514. Thus, the surviving partner asserted that to compel the injured person to indemnify for his own injury through his partnership liability would be to subvert the intent and purpose of the Act by depriving the injured person of the benefits of the Act. *Id.* The court, however, had "no hesitation in holding [the surviving partner] responsible for the violation of the Act although the injured person was a partner . . . and his estate may, or even likely will, share a part of the burden of the judgment in indemnity." *Id.* Furthermore, the court explicitly stated:

That [the injured party's] estate may . . . stand part of the liability for the violation of the Act will not stop the action over. Such ultimate liability is imposed because [the injured party] was a partner and the legal and financial implications that stem from the partnership entity, not because he was the injured person under the Act nor because he was the party whose negligence constituted the violation of the Act . . . .

*Id.* The *Volkman* court held, therefore, that indemnification would be allowed.

By analogy to *Volkman,* indemnification may be obtained by Home Federal against Flora, because of his status as an employer and because of the legal and financial implications that flow therefrom. While Flora's dual capacity may be a fiction, "it must be indulged in order to place and spread the ultimate liability among those legally responsible." *Id.* Accordingly, Flora's motion to strike the counter-complaint is denied. It is so ordered.