DONALD JOHN PREWEIN, Plaintiff-Appellee, *v*. CATERPILLAR TRACTOR COMPANY, Defendant-Appellant.

Third District   No. 3—83—0536

Opinion filed April 19, 1984.

HEIPLE, J., dissenting.

David B. Mueller and Timothy J. Cassidy, both of Cassidy & Mueller, and Maximillian M. Prusak, of Prusak & Winne, both of Peoria, for appellant.

David Uhler, of Belleville, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from an order of the circuit court of Peoria County which struck certain affirmative defenses which sought application of comparative negligence principles to an action brought under the Illinois Structural Work Act.

The plaintiff Prewein filed a two-count complaint against the defendant Caterpillar Tractor Company. We are concerned only with count I which was brought under the Structural Work Act. In this

count it was averred by the plaintiff that he was injured on December 5, 1979, while employed as an iron worker by the defendant company. Couched in the terms of the Act, it was alleged that he was injured while operating a "mark lift hydraulic hoist," which he utilized as a support and/or scaffold. The plaintiff alleged that he was injured when the mark lift tipped, causing injuries and that the accident occurred because of various violations of the Act.

The defendant denied that it violated the Act and raised the affirmative defense that the plaintiff was guilty of contributory negligence as the result of acts or omissions on the part of the plaintiff and that if judgment should be entered in favor of the plaintiff, such recovery would be for damages to which plaintiff contributed and that the judgment should be reduced proportionately.

The issue certified to this court pursuant to Supreme Court Rule 308 is whether the doctrine of comparative negligence or fault is applicable to actions brought under the Structural Work Act (Ill. Rev. Stat. 1979, ch. 48, pars. 60 through 69).

Well reasoned, impressive arguments, both legal and philosophical, were presented to this court as to why the doctrine of comparative negligence should be or should not be adopted in Structural Work Act cases.

In 1981, our supreme court changed long-existing law in our State by holding that in cases involving negligence the common law doctrine of contributory negligence was no longer to be the law in our State, and it was to be replaced by the doctrine of common law negligence. (*Alvis v. Ribar* (1981), 85 Ill. 2d 1, 421 N.E.2d 886.) Since this decision the cauldron has been boiling. Following this decision our supreme court in 1983 held that equitable principles require that the total damages for a plaintiff's injuries be apportioned on the basis of the relative degree to which a defective product and a plaintiff's conduct proximately caused them. Our supreme court extended the doctrine of comparative negligence to strict liability action. *Coney v. J.L.G. Industries, Inc.* (1983), 97 Ill. 2d 104, 454 N.E.2d 197.

The defendant Caterpillar Tractor Company is now asking that the doctrine of comparative negligence be made applicable to cases brought pursuant to the statutory provisions of the Structural Work Act. The defendant first calls attention to the language of section 69 of the Act (Ill. Rev. Stat. 1979, ch. 48, par. 69), which provides in part as follows:

"For any injury to person or property, occasioned by any wilful violations of this Act, or wilful failure to comply with any of its provisions, a right of action shall accrue to the party in-

jured, for any *direct damages sustained thereby* \*\*\*." (Emphasis added.)

It is defendant's argument that the words "directly sustained thereby" should dictate that plaintiff's recovery should be relegated to those damages which are directly sustained by the defendant's breach of the Act. If this advocated interpretation is adopted, then there would be of necessity a determination as to the amount of damages directly caused by the defendant. If less than 100% of the damages were directly caused by the defendant then who caused the remaining damages? Under the defendant's theory it would be the plaintiff. A more precise explanation of the defendant's argument is that the words "any direct damages sustained thereby" contained in section 69 are indicative of the legislature's intent to include in the Structural Work Act the principles of comparative negligence or fault.

The words "any direct damages sustained thereby" have been in the Structural Work Act for many years, probably since its enactment in 1907. The exact language was most assuredly in the Act in 1913. (See *Schultz v. Henry Ericsson Co.* (1914), 264 Ill. 156, 106 N.E. 236.) We deem it both interesting and noteworthy that during the passage of so many years the courts have never construed the language in question in the manner requested by the defendant. To our knowledge, the language has never been construed, and for reasons hereinafter set forth we will not now do so.

The defendant presents both legal and policy arguments as to why the reasoning in *Alvis* and *Coney* are applicable to the adoption of the doctrine of comparative negligence in Structural Work Act cases. Should we accept the arguments of the defendant the result would be to overrule and ignore viable decisions which have interpreted and established the meaning and effect of the Structural Work Act. Our courts of review have ruled that once a wilful violation of the Act has been proved which is at least one proximate cause of injury, concurrent fault is not a defense to liability under the Act. (*Gall v. Metropolitan Sanitary District* (1982), 109 Ill. App. 3d 502, 440 N.E.2d 973.) It is also well established that neither contributory negligence nor wilful conduct of the plaintiff has ever been a defense to an action under the Structural Work Act. (*Palier v. Dreis & Krump Manufacturing Co.* (1967), 81 Ill. App. 2d 1, 225 N.E.2d 67.) The Act was enacted approximately 77 years ago, and while this court recognizes that it has authority to change one of its basic concepts by determining that the doctrine of comparative negligence is applicable in suits brought pursuant to its provisions, we are loath to do so. Our unwill-

ingness is not to be interpreted that we agree or disagree with the defendant's arguments, but is predicated on different grounds. A question of such magnitude should be addressed by our State legislature or State supreme court. Our supreme court noted in *Alvis* that our legislature had failed to address the issue before the court and further recognized an observation of Justice Ward in his dissenting opinion in the case of *Maki v. Frelk* (1968), 40 Ill. 2d 193, 239 N.E.2d 445. That observation was as follows:

"It can be argued that the legislature's inaction in this area is attributable to its feeling that it is more appropriate, considering the history of the question in Illinois, for the judiciary to act." 40 Ill. 2d 193, 203.

Justice Ward in *Maki* made the further significant observation:

"Too, in *Molitor v. Kaneland Community Unit District*, 18 Ill. 2d 11, at 26, we commented that: 'when it appears that public policy and social needs require a departure from prior decisions, it is our duty as a court of last resort to overrule those decisions and establish a rule consonant with our present day concepts of right and justice." 40 Ill. 2d 193, 203.

We believe that the supreme court, not an intermediate court of review, should determine whether public policy and social needs require a departure from the long-accepted decisions that the doctrine of comparative negligence is not applicable in suits brought pursuant to the Structural Work Act. The supreme court was the forum which addressed the issue of comparative negligence in *Alvis* and *Coney*, and we deem it to be logical that it is the proper forum to determine whether the law in those cases should be applicable to Structural Work Act cases. We are of the opinion that there is another compelling reason why such a determination should be made by the supreme court and that reason is that should it be determined that comparative negligence is applicable there will be a uniformity of its application by the trial courts of this State. Unfortunately there still exists in our State a question of what precedential import should be accorded to decisions of the various appellate courts of Illinois. Collateral or horizontal *stare decisis* (the acceptance by one appellate court of a precedent established by an opinion from another appellate court) has never been fully perfected in our State, the result of which is that on occasions a significant determination by an appellate court has found itself in limbo. The result is that until the supreme court addresses the issue, the law is in a state of flux. See 28 DePaul L. Rev. 571 *et seq.* (1979).

For the reasons set forth we decline to change the law as re-

quested by the defendant and affirm the judgment of the circuit court of Peoria County.

Affirmed.

BARRY, J., concurs.

JUSTICE HEIPLE, dissenting:

In Roman days, it was common and accepted practice to divine life's mysteries and to foretell future events from an examination of the entrails of birds. Young noblemen were schooled in the art of translating entrails. No less a personage than Caesar Augustus, himself, was a practitioner of this art of augury. Nowadays, however, this art has passed into disuse. There are no practitioners trained to read chicken livers and other organs of bird viscera.

Modernity, however, has brought us a substitute tool for divining mysteries and future trends. It is called the Illinois Supreme Court. While opinions as to its efficacy are not uniform, some say it is as reliable as bird entrails. Some say it is better. In any event, it is available to us and should not be ignored.

In the area of negligence law, our supreme court has pointed the way with *Alvis v. Ribar* (1981), 85 Ill. 2d 1, 421 N.E.2d 886, and *Coney v. J.L.G. Industries, Inc.* (1983), 97 Ill. 2d 104, 454 N.E.2d 197. Both of these opinions are cited in the majority opinion. Having alluded to them, however, the majority declines to extend them to their logical progression. Illinois is now a comparative negligence State. There is no reason not to extend this doctrine to Structural Work Act litigation.

The purpose of the Structural Work Act is to require a person having charge of the work to conform to specified standards for the protection of workers. Although the Act is silent on the effect of a plaintiff's contributory fault, Illinois courts have, in the past, rejected contributory negligence as a defense because it sets up an absolute bar to a plaintiff's claim which would defeat the remedial purpose of the Act. *Schultz v. Henry Ericsson Co.* (1914), 264 Ill. 156.

Now that the comparative fault has supplanted contributory negligence, a plaintiff's contributory fault no longer bars his claim. The traditional reasons for disregarding the plaintiff's conduct are no longer relevant. Comparative fault does not alter the duty owed by a person in charge of the work. It simply reduces the plaintiff's damages to the extent that his injuries were caused by his own conduct. Application of comparative fault would not defeat the legislative ob-

692

jections of the Act, nor would it run contrary to common law precedent. This is essentially the same rationale used by our supreme court in applying comparative fault to the field of products liability. *Coney v. J.L.G. Industries, Inc.* (1983), 97 Ill. 2d 104.

Such pronouncement is not a radical departure from accepted decisions as the majority seems to suggest. Rather, it is a pronouncement altogether consistent with the recent trend of supreme court cases in the area of comparative fault. There should be no reluctance on the part of this court to apply the concept of comparative fault to the Structural Work Act. Accordingly, I dissent.