MARY ANN ACKLEY, as Mother and Next Friend of Lisa Ackley, a Minor, Plaintiff-Appellant, v. DENNIS ACKLEY, Defendant-Appellee.

Third District   No. 3—87—0316

Opinion filed January 22, 1988.

BARRY, P.J., dissenting.

Bennett J. Braun, of Stefanich, McGarry, Wols & Okrei, Ltd., of Joliet, for appellant.

Robert Speers, of Lindner, Speers & Reuland, P.C., of Aurora, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

This appeal stems from an order of the circuit court of Will County which dismissed an action brought in behalf of a minor child allegedly occasioned by a noncustodial father's negligence in maintaining a stairway.

Mary Ann Ackley and Dennis Ackley were divorced in April 1966. Sole custody of the parties' minor child, a daughter, was awarded to the mother, Mary, subject to visitation rights of the father of one weekend per month. During a weekend visit at the home of her father, Dennis, the minor child Lisa was injured as the result of falling down a flight of stairs.

Mary, as the mother and next friend of the minor Lisa, filed a complaint in negligence against the father, Dennis, wherein it was alleged that the negligence resulted from the defendant father's failure to provide stairway guards and handrails on the stairway at his home. The complaint further alleged that such failure was a violation of an ordinance setting forth certain safety regulations. Ultimately a second amended complaint was filed which added the allegation that at the time of the occurrence when the minor Lisa was injured, the defendant had homeowner's insurance which would compensate for his complained-of negligence. The trial court ruled that the parent-child immunity doctrine precluded the action and dismissed the second amended complaint.

The issue presented in this appeal is whether the facts in this case compel an exception to the parent-child immunity doctrine.

The doctrine was first recognized in Illinois almost a century ago. (*Foley v. Foley* (1895), 61 Ill. App. 577.) The doctrine is of judicial not statutory creation and essentially provides that a parent is immune from tort actions brought by his unemancipated minor children. The policies upon which immunity is based are avoidance of disrupting a harmonious family relationship, the avoidance of collusive claims, and the undermining of parental authority and discipline. (*Stallman v. Youngquist* (1987), 152 Ill. App. 3d 683, 504 N.E.2d 920.) It is noted that in the *Stallman* case the court permitted a minor child to proceed with a tort action (automobile collision) against her parent. It should further be noted that the reviewing court in *Stallman* specifically stated, "We limit our holding to the circumstances of the case before us ***. 'Allowance of such an action does not undermine parental authority and discipline nor does it threaten to substitute judicial discretion for parental discretion in the care and rearing of minor children.' " 152 Ill. App. 3d at 693, 504 N.E.2d at 926.

The plaintiff mother on behalf of the minor, Lisa, would have this court interpret *Stallman* as indicating that the trend is to abrogate the parent-child tort immunity doctrine either in its entirety or at least to an extent which permits the action in the instant case. As previously set forth, the reviewing court in *Stallman* specifically limited its holding to automobile tort cases.

We do not interpret *Stallman* as an invitation to abrogate or carve another exception in the doctrine. Over the years our courts have recognized exceptions to the doctrine, *i.e.*, where a claim is brought pursuant to the Illinois Contribution Among Joint Tortfeasors Act (Ill. Rev. Stat. 1983, ch. 70, par. 301 *et seq.*) (*Hartigan v. Berry* (1984), 128 Ill. App. 3d 195, 470 N.E.2d 571), and where willful and wanton misconduct is alleged against the parent (*Nudd v. Matsoukas* (1956), 7 Ill. 2d 608, 131 N.E.2d 525).

Though exceptions, albeit few, have been recognized, our supreme court has made few inroads on the doctrine of parent-child tort immunity. (*Mroczynski v. McGrath* (1966), 34 Ill. 2d 451, 216 N.E.2d 137.) Our supreme court has in fact afforded teachers a quantum of immunity similar to that provided to parents. *Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 347 N.E.2d 705; *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 373 N.E.2d 1323.

The plaintiff mother as next friend of the minor further alleges that an ordinance was violated and that the defendant father was covered by insurance and consequently the immunity granted by the doctrine is not applicable in the instant case. With this argument

we disagree. See *Schenk v. Schenk* (1968), 100 Ill. App. 2d 199, 241 N.E.2d 12; *Cosmopolitan National Bank v. Heap* (1970), 128 Ill. App. 2d 165, 262 N.E.2d 826.

■ In the instant case we are confronted with a somewhat unique factual situation, one that presents the question as to the status of a noncustodial parent under the parental tort immunity doctrine. Public policy arguments can be and have been presented by both the plaintiff and defendant. We are unaware of any Illinois case that has addressed the issue as to the noncustodial parent's status; however, our examination of the cases convinces us that the reviewing courts have moved very cautiously in recognizing an exception to the doctrine. As noted, the doctrine has been judicially recognized in Illinois since 1895. We are not convinced that the social needs and public policy of today require a further inroad into the parental tort immunity doctrine. If a change is needed in the long-established doctrine, then this court is of the opinion that such change should be made by our supreme court. See *Prewein v. Caterpillar Tractor Co.* (1984), 123 Ill. App. 3d 687, 463 N.E.2d 161.

For the reasons set forth we decline to change the law as requested by the plaintiff and affirm the judgment of the circuit court of Will County.

Affirmed.

HEIPLE, J., concurs.

PRESIDING JUSTICE BARRY, dissenting.
I dissent.

I agree with the reasoning and result of *Stallman v. Youngquist* (1987), 152 Ill. App. 3d 683, 504 N.E.2d 920, and the supporting cases cited therein.