**FEDERAL DEPOSIT INSURANCE COR-PORATION, as Receiver for The Cosmopolitan National Bank of Chicago, Plaintiff,**

v.

**James E. WELLS, Gerald J. Denicholas, Michael Carelli, Paul V. Carelli, Irving Naiditch, Robert Burstein, Alex M. Vercillo, Myron Alcock, Robert G. Cunningham, Fred R. Reiseman, Samuel C. Madonia, Richard Rosenow and James S. Stefo, Defendants.**

**Paul V. CARELLI, III and Michael V. Carelli, Third–Party Plaintiffs,**

v.

**Timothy M. SULLIVAN; Pope, Ballard, Shepard & Fowle, Ltd.; Errol L. Stone; and Sonnenschein Nath & Rosenthal, Third–Party Defendants.**

No. 94 C 3023.

United States District Court, N.D. Illinois, Eastern Division.

Sept. 7, 1995.

---

William A. Spence, Kenneth Kyle Dort, David V. Goodsir, Freeborn & Peters, Chicago, IL, for plaintiff.

Phillip Jay Zisook, Stuart Berks, Deutsch, Levy & Engel, Chicago, IL, for Gerald J. Denicholas.

Robert A. Novelle, Serpico, Novelle, Dvorak & Navigato, Ltd., Chicago, IL, for Michael Carelli.

Richard J. Troy, Jerome Wiener, Brian M. Fornek, Schain, Firsel & Burney, Ltd., Chicago, IL, for Irving Naiditch.

Jeffrey A. Schulman, Wolin & Rosen, Ltd., Chicago, IL, for Myron Alcock.

Michael Joseph Kralovec, Joseph R. Lemersal, Nash, Lalich & Kralovec, George S. Lalich, Nash & Lalich, Chicago, IL, for Samuel C. Madonia, Richard Rosenow and James S. Stefo.

Paul E. Freehling, D'Ancona & Pflaum, Peter Vincent Baugher, John Alton Cashman, Schopf & Weiss, Chicago, IL, for Timothy M. Sullivan, Pope, Ballard, Shepard & Fowle, Ltd., third-party defendant.

John I. Grossbart, Duane C. Quaini, Sonnenschein, Nath & Rosenthal, Chicago, IL, James Hamilton, Michael L. Spafford, Swidler & Berlin, Washington, DC, for Errol L. Stone, Sonnenschein Nath & Rosenthal, third-party defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, Chief Judge:

Presently before the court is third-party defendants Pope, Ballard, Shepard & Fowle, Ltd. ("Pope Ballard") and Timothy M. Sullivan's motion to dismiss the third-party complaints of Paul and Michael Carelli. For the reasons set forth below, third-party defendants' motion to dismiss is denied.

### I. Background

Plaintiff Federal Deposit Insurance Corporation ("FDIC") brought this action, alleging that defendants, former directors and officers of the Cosmopolitan National Bank of Chicago, were grossly negligent in approving loans and transactions, and in failing to supervise the Bank's lending function. In response, defendants Paul and Michael Carelli filed third-party complaints against attorneys Pope Ballard and Timothy M. Sullivan, who provided legal counsel to the bank and its directors prior to the bank's failure. In the third-party complaint, the Carellis maintain that they relied upon the advice of Pope Ballard and Sullivan, and that third-party defendants' faulty advice (or failure to properly advise) constitutes legal malpractice. Accordingly, the Carellis maintain that if they are liable to the FDIC for their acts,

then third-party defendants are liable to them.

## II. Discussion

The Carellis filed their third-party action against Pope Ballard and Sullivan under Fed.R.Civ.P. 14(a), which provides in relevant part:

> At any time after commencement of the action, a defending party as a third-party plaintiff, may cause a summons and complaint to be served upon a party not a party to the action who is or may be liable to the third-party plaintiff for all or part of plaintiff's claim against the third-party plaintiff.

The purpose of Rule 14(a) is to "avoid circuity of actions and to expedite the resolution of secondary actions arising out of or in consequence of the action originally instituted." *Colton v. Swain*, 527 F.2d 296, 299 (7th Cir. 1975). As a rule of procedure, Rule 14(a) is not intended to affect substantive rights; it "may control the timing of a suit grounded in substantive law, but may not be used to create a right of action." *Id.* at 300.

Pope Ballard and Sullivan, however, claim that allowing impleader in the present action would violate that principle. They note that under Illinois law, a party must suffer actual damages in order to state a claim of legal malpractice. *See, e.g., Ignarski v. Norbut*, 271 Ill.App.3d 522, 207 Ill.Dec. 829, 832, 648 N.E.2d 285, 288 (1995). Because the Carellis have not yet been found liable in the principal action, third-party defendants maintain, they cannot allege actual damages, and therefore can not state a malpractice claim. Pope Ballard and Sullivan conclude from this that impleader would impermissibly alter the state-law cause of action (*i.e.*, affect substantive rights), and is therefore improper.

We initially observe that third-party defendants have not cited any law directly on point. In each of the cases they rely upon, the defendant in the primary action brought a *separate* suit for malpractice, rather than impleading the third-party defendants. We find this distinction to be crucial. Illinois law includes an impleader provision similar to Rule 14(a). *See* 735 ILCS 5/2–406(b). Indeed, Illinois courts have stated that its pur-

pose is identical to its federal counterpart: determination of the rights and liabilities of *all* parties during the same proceeding. *See, e.g., Maas v. Ottawa Stockdale Fertilizer, Inc.*, 9 Ill.App.3d 33, 291 N.E.2d 514 (1972). The Illinois impleader statute therefore allows a defendant to bring a third-party action against anyone who "is or may be liable" to the defendant as a result of the plaintiff's claim against the defendant. 735 ILCS 5/2–406. Allowing the "actual damages" requirement of a given cause of action to prevent impleader, however, would effectively eviscerate this statute, as most civil causes of action require that the plaintiff have suffered damages as a result of the defendant's acts or omissions. Accordingly, Illinois courts have recognized generally the distinction which controls here: although a defendant may not bring a *separate* action for indemnification while the primary lawsuit is pending, a defendant does have "a choice of filing a third party complaint against a party who may be liable to indemnify him as part of the original action, or of waiting until the original action is over and filing a separate action for indemnity if he is found liable." *Anixter Bros., Inc. v. Central Steel & Wire*, 123 Ill. App.3d 947, 79 Ill.Dec. 359, 363, 463 N.E.2d 913, 917 (1984) (citation omitted).

Following this rule, courts in this district have refused to dismiss third-party complaints materially indistinguishable from that at issue here. In *Chicago Dist. Council of Carpenters Pension Fund v. Vanco Builders, Inc.*, No. 88 C 1229, 1989 WL 165111 (N.D.Ill. Dec. 28, 1989), the defendant in the principal suit filed a third-party action against its attorneys, asserting that the actions which prompted the principal suit were the result of the attorneys' negligent advice. The attorneys moved to dismiss, raising the same arguments raised here by Pope Ballard and Sullivan. In considering the motion, the court stated:

> Lerner [the third-party defendant] has not cited and this court's research does not reveal a single case in which an Illinois court has dismissed a third-party claim brought under Illinois' impleader statute solely because the third-party plaintiff had not yet been adjudicated liable to the

plaintiff. Indeed, such a result would defeat the very purpose of impleader.... Accordingly, this court does not believe that Illinois courts, if directly faced with the issue raised by this motion, would accept the argument which Lerner propounds.

*Id.,* 1989 WL 165111, at *3. We find the analysis of the *Vanco Builders* court compelling, and therefore decline to differ with its well-reasoned conclusion. Accordingly, Pope Ballard and Sullivan are not entitled to dismissal from this action.

### III. Conclusion

For the reasons set forth above, third-party defendants Pope, Ballard, Shepard & Fowle, Ltd. and Timothy M. Sullivan's motion to dismiss is denied. It is so ordered.