(No. 37404.—

ANNA L. BRYNTESEN, Appellee, *vs.* CARROLL CONSTRUCTION COMPANY, Appellant.

*Opinion filed March 25, 1963.—Rehearing denied May 29, 1963.*

KIRKLAND, ELLIS, HODSON, CHAFFETZ & MASTERS, of Chicago, (DAVID JACKER and WILLIAM H. SYMMES, of counsel,) for appellant.

PEABODY, WESTBROOK, WATSON & STEPHENSON, of Chicago, (LOWELL H. JACOBSON, BURTON H. YOUNG, and LAWRENCE P. HICKEY, of counsel,) for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

John Bryntesen was killed when he fell from a scaffold. His widow brought this action in the circuit court of Cook County against defendant under section 9 of the Structural Work Act. (Ill. Rev. Stat. 1957, chap. 48, par. 69.) Judgment was entered on a jury verdict for plaintiff in the amount of $12,500. The Appellate Court, First District, has affirmed the judgment (Ill. 36 App. 2d 167) and we granted leave to appeal.

It is first argued that the trial court erred in excluding evidence that plaintiff had recovered $8000 of workmen's compensation payments from her husband's employer, Cragin Construction Company. The gist of this argument is that plaintiff is obtaining two recoveries for the same injury. Defendant states that the employer's right to

reimbursement (see Ill. Rev. Stat. 1957, chap. 48, par. 138.5(b),) is intended to prevent two recoveries by the employee and, conversely, where the employer is not entitled to reimbursement because of his negligence the third party should have the compensation payments deducted from the verdict against him.

Compensation payments from an employer are not based on the employer's negligence but are based on a statutory obligation. In *O'Brien* v. *Chicago City Railway Co.* 305 Ill. 244, this court stated: "No injustice is done to a person negligently injuring another in requiring him to pay the full amount of damages for which his is legally liable without deduction for compensation which the injured person may receive from another source which has no connection with the negligence, whether that source is a claim for compensation against his employer, a policy of insurance against accidents, a life insurance policy, a benefit from a fraternal organization or a gift from a friend." (305 Ill. 244, 262-263.) The evidence of workmen's compensation payments received by plaintiff was properly excluded. See also *Rylander* v. *Chicago Short Line Ry. Co.* 17 Ill.2d 618.

It is next argued that the trial court erred in refusing to instruct the jury that the plaintiff could not recover if the employee wilfully violated the Scaffold Act. We have held that it is no defense to a defendant liable under the Scaffold Act that the plaintiff may have been concurrently at fault. (*Gundich* v. *Emerson-Comstock Co.* 21 Ill.2d 117.) Defendant asserts, however, that this issue should not merely be decided on ground that "it was so held in such and such a case." It argues that where the employee is using or creating his own scaffold or equipment which violates the Scaffold Act, this should be a defense for the person in charge who also violates the act. In *Gannon* v. *Chicago, Milwaukee, St. Paul and Pacific Railway Co.* 22 Ill.2d 305, this court reviewed the statutory history of the act and decisions interpreting it. Without repeating here

what was said there, it is apparent that the act was intended to remove fault of the employee as a defense and place full responsibility on the "person in charge" who knowingly violated the act. 22 Ill.2d 305, 317-321.

Defendant then complains that the trial court erred in refusing to admit evidence with regard to the practicability of a safety railing on the float scaffold from which Bryntesen fell. Leif Larson, called by plaintiff, testified about the occurrence. On cross-examination defendant tried to establish that it was common practice to use a float scaffold without a safety railing and that inspectors of the State Department of Labor had never complained of such use. This line of questioning was beyond the scope of the direct examination of Larson. When defendant presented its case it did not call Larson or any other witness to establish custom and usage in the trade. The trial court properly sustained objection to the cross-examination which was beyond the scope of direct examination and in which defendant attempted to put its theory of the case before the jury.

It is argued that defendant did not call witnesses to prove its theory of the case because the court's ruling during opening argument showed that evidence on its theory would not be allowed and because the offer of proof during cross-examination of Larson raised the issue. The court's ruling during the opening statement does not indicate how the court would have ruled on defendant's offer of evidence, and, as we have indicated, defendant's offer to prove its theory of the case on cross-examination of plaintiff's witness will not be considered by us.

Defendant's final objection is that the *voir dire* examination of the prospective jurors by plaintiff's attorney was prejudicial and is ground for reversal. The point is not argued by defendant and is deemed waived.

For the foregoing reasons the judgment of the Appellate Court is affirmed. *Judgment affirmed.*