WILBUR BROWN, Plaintiff and Counterdefendant-Appellee, *v.* THE VILLAGE OF SHIPMAN, Defendant and Counterplaintiff-Appellant.

Fourth District   No. 16238

Opinion filed October 14, 1980.

Paul F. Henry and Larry E. Hepler, both of Burroughs, Simpson, Wilson, Hepler, Broom and McCarthy, of Edwardsville, for appellant.

Robert H. Gregory, of Smith, Larson & Pitts, Ltd., of East Alton, for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

■■ The principal issue here is a novel question concerning the liability for indemnity of an individual who (1) has contracted with an owner, who was in charge of the work, to demolish a building, (2) is injured while doing the work, and (3) brings suit against the owner for those injuries alleging a wilful violation of the Structural Work Act (Ill. Rev. Stat. 1975, ch. 48, par. 60 *et seq.*). In such a situation does the owner, in turn, have a right for indemnity against the individual contractor if that contractor's fault was an active proximate cause of his injury and the owner's fault was only a passive one? We hold that the owner has such a right to indemnity.

On August 24, 1976, plaintiff filed suit in the circuit court of Madison County against defendant Village of Shipman alleging that on or about January 1, 1975, he was demolishing a building on land owned by defendant who was in charge of the work and on that date received an injury resulting from defendant's wilful violation of the Structural Work Act. Subsequently the venue of the case was changed to its proper location in the circuit court of Macoupin County and several amended complaints were filed. Later defendant was given leave to file a counterclaim. Before us on review is the order of the trial court, dismissing for failure to state causes of action, counts I and III of the counterclaim. Each alleged that plaintiff had contracted with defendant to demolish the building. Count I was based upon a theory that defendant was guilty, if at all, of only passive misconduct in causing the injuries while plaintiff's fault was the active cause of his own injuries. Count III alleged that plaintiff had breached an implied condition of the demolition contract which required

him to perform in a reasonably safe manner. We have jurisdiction because of the trial court's finding pursuant to Supreme Court Rule 304(a). 73 Ill. 2d R. 304(a).

■■ The law is well established that the right of a passive tortfeasor to obtain indemnity from one whose active tort was also a proximate cause of the injury giving rise to the passive tortfeasor's liability (1) applies to suits brought for wilful violation of the Structural Work Act, and (2) applies even though the entity against whom indemnity is sought is the employer of the injured party and immune from suit by that employee because of section 11 of the Workers' Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.11). (*Miller v. DeWitt* (1967), 37 Ill. 2d 273, 226 N.E.2d 630.) Moreover, employers made vicariously liable by the torts of their employees have been held to have an implied right to be indemnified by their employees. (*Embree v. DeKalb Forge Co.* (1964), 49 Ill. App. 2d 85, 199 N.E.2d 250; *Holcomb v. Flavin* (1962), 37 Ill. App. 2d 359, 185 N.E.2d 716.) However, in *Palier v. Dreis & Krump Manufacturing Co.* (1967), 81 Ill. App. 2d 1, 225 N.E.2d 67, a contractor's employee brought suit against an owner allegedly in charge of the work for injuries he received in a fall from a scaffolding. The owner interpleaded the contractor seeking indemnity on grounds that the injured employee's negligence in constructing the scaffolding was the active cause of the injuries and contending that the employer was liable under the rule of *respondeat superior*. The contractor, in turn, sought indemnity from the injured employee, but his pleading was held to be properly dismissed.

In *Gannon v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co.* (1961), 22 Ill. 2d 305, 175 N.E.2d 785, the common law defenses of contributory negligence, assumption of the risk, and the fellow servant rule were held to be contrary to the purpose of the Structural Work Act and, therefore, inapplicable to cases brought under it. The *Palier* court reasoned that to let indemnity eventually fall upon an employee when he was actively negligent rather than having it fall upon the owner or contractor, would, in effect, permit his cause of action to be defeated, indirectly, by his contributory negligence. The contractor there argued that it would be inconsistent to permit the owner to obtain indemnity against it because its misconduct was more active than that of the owner but to deny it indemnity against its employee whose misconduct was alleged to be more active than that attributed to it. The court responded that both indemnity actions were based upon violations of the Structural Work Act, and that while the contractor was alleged to be in charge of the work and thus liable under the Act, the employee, regardless of the degree of his negligence, would not be a person in charge of the work and thus could not be liable under the Act. The court described the plaintiff as "a protected person within

the meaning of that Act, totally incapable of a violation thereof." 81 Ill. App. 2d 1, 9, 225 N.E.2d 67, 72.

In *National Oats Co. v. Volkman* (1975), 29 Ill. App. 3d 298, 330 N.E.2d 514, the personal representative of a deceased partner of a firm who were subcontractors on a project obtained a judgment under the Structural Work Act against the owner and general contractor for the death of her decedent. The owner and subcontractor sued the deceased's surviving partner for indemnity claiming the partnership's active negligence to have been a cause of the deceased partner's death and their negligence to have been only passive. The court held the cause of action to have been only passive. The court held the cause of action to have been properly brought even though, as would have happened in *Palier* if indemnity had been permitted, the claim on behalf of the injured party would be at least partly defeated by that party's contributory negligence.

The *National Oats Co.* opinion stated:

> "This result grants the benefits of the Structural Work Act to the person injured and also ultimately casts responsibility upon the responsible persons pro rata. That Carl's [the deceased partner] estate may * * * stand part of the liability for the violation of the Act will not stop the action over. Such ultimate liability is imposed because Carl was a partner and the legal and financial implications that stem from the partnership entity, not because he was the injured person under the Act nor because he was the party whose negligence constituted the violation of the Act and thus imposed liability upon the partnership." 29 Ill. App. 3d 298, 303, 330 N.E.2d 514, 517.

The *National Oats Co.* court permitted the indemnity action to stand although it would indirectly defeat part of the claim of the plaintiff's personal representative because the original suit was on behalf of the estate of the partner as an individual and the indemnity was sought against the partnership as a different entity. Defendant asserts that similarly here plaintiff was suing in the capacity of an employee but defending the counterclaim in a different capacity as an employer and that, therefore, because of its dual capacity, the counterclaim was permissible despite *Palier*. Plaintiff also speaks of it being an employee. We cannot agree with these designations. Plaintiff is described in the counterclaim as having contracted with defendant to perform the demolition. There is nothing in the record to indicate that he employed others. One cannot be his own employee. That term is defined in Black's Law Dictionary 471 (5th ed. 1979) as follows:

> "A person in the service of *another* under any contract of hire, express or implied, oral or written, where the employer has the

power or right to control and direct the employee in the material details of how the work is to be performed. *Riverbend Country Club v. Patterson*, Tex. Civ. App., 399 S.W.2d 382, 383. One who works for an employer; a person working for salary or wages.

Generally, when person for whom services are performed has right to control and direct individual who performs services not only as to result to be accomplished by work but also as to details and means by which result is accomplished, individual subject to direction is an 'employee'.

'Servant' is synonymous with 'employee'. *Gibson v. Gillette Motor Transport*, Tex. Civ. App., 138 S.W.2d 293, 294; *Tennessee Valley Appliances v. Rowden*, 24 Tenn. App. 487, 146 S.W.2d 845, 848. However, 'employee' must be distinguished from 'independent contractor,' 'officer,' 'vice-principal,' 'agent,' etc.

The term is often specially defined by statutes (*e.g.* workers' compensation acts; Fair Labor Standards Act), and whether one is an employee or not within a particular statute will depend upon facts and circumstances." (Emphasis added.)

■■ The fact that an owner, who has contracted with another for that person to demolish a building for it, remains in charge of the work within the meaning of the Structural Work Act does not mean that the contractor or those working for him are employees of the owner. If that were so, section 11 of the Workers' Compensation Act would bar most Structural Work Act cases. The existence in the purported employer of the power to discharge is an important element in determining whether an employment relationship exists. *Gundich v. Emerson-Comstock Co.* (1960), 21 Ill. 2d 117, 171 N.E.2d 60.

Thus, here as in *Palier*, absent contractor's liability insurance protecting plaintiff from liability for indemnity, allowing the counterclaim against him for indemnity would permit his contributory negligence to indirectly nullify any value to his cause of action. However, unlike in *Palier*, he was a contractor in charge of the work and subject to the liabilities of the Structural Work Act. He did not have the *Palier* plaintiff's status of "a protected person within the meaning of the Act." Although plaintiff did not have the dual capacities of the plaintiff's decedent in *National Oats Co.* his status as a contractor placed upon him special obligations to which the *Palier* plaintiff was not subject. Although the question is a close one, we hold count I of the counterclaim to have stated grounds for indemnity against plaintiff.

The court erred in dismissing count I.

The parties have not argued the merits of count III. We deem it to set forth no case for indemnity not already included in that set forth in count I. Accordingly, we find no error in its dismissal.

The portion of the judgment dismissing count I is reversed. The portion dismissing count III is affirmed. The case is remanded to the circuit court of Macoupin County.

Affirmed in part; reversed in part; remanded with directions.

MILLS, P. J., and TRAPP, J., concur.