ARCHIE HOLLEY, Plaintiff-Appellant, v. BRAD BADGEROW *et al.,* Indiv. and as a partnership d/b/a B & E Builders, *et al.,* Defendants and Counterplaintiffs-Appellees (Archie Holley, d/b/a Archie Holley Masonry, Counterdefendant-Appellant).

Third District   No. 3—86—0507

Opinion filed October 26, 1987.—Rehearing denied December 21, 1987.

John P. Nicoara, of Nicoara & Steagall, of Peoria (Richard L. Steagall and James P. Kellstedt, of counsel), for appellant.

Martin K. Morrissey, of McConnell, Kennedy, Quinn & Johnston, of Peoria (Robert H. Jennetten and Bradford B. Ingram, of counsel), for appellees Brad Badgerow and Bruce Ekhoff.

Bradford B. Ingram and James M. Voelker, both of Heyl, Royster, Voelker & Allen, of Peoria, for appellees Benjamin Board and Paulette Board.

JUSTICE STOUDER delivered the opinion of the court:

The plaintiff, Archie Holley, filed a complaint against the defendants Brad Badgerow, Bruce Ekhoff (B & E Builders), and Benjamin and Paulette Board for injuries the plaintiff received when he fell from a scaffold which he had constructed while repairing the Boards' residence. The complaint was filed pursuant to the Structural Work Act. (Ill. Rev. Stat. 1983, ch. 48, par. 60.) The trial court granted the defendants' motion for summary judgment, finding that the plaintiff is not a protected person within the meaning of the Act. The plaintiff has appealed.

On appeal, the plaintiff contends the trial court erred when finding him to be an unprotected person under the Structural Work Act.

B & E Builders was hired to perform construction work on a home owned by Benjamin and Paulette Board. B & E Builders then engaged the plaintiff, a sole proprietor, as a subcontractor to rebuild a fireplace in the Boards' residence. The plaintiff, in turn, hired a mason and a general laborer to assist him in performing the subcontracted repairs. Plaintiff and his assistant erected a scaffold several days prior to actually beginning the project. The scaffolding materials were owned by the plaintiff. After working on the project for about three weeks, the plaintiff raised the scaffold to a higher level in order to facilitate his work on the Boards' chimney. While both the plaintiff and his assistant were working, the scaffold tipped over, and both men were injured. The plaintiff filed suit pursuant to the Structural Work Act against B & E Builders and Benjamin and Paulette Board.

The Structural Work Act provides in relevant part, as follows:

"Sec. 1. That all scaffolds, *** erected or constructed by any person, firm or corporation in this State for the use in the erection, repairing, alteration, removal or painting of any house, building, *** or other structure, shall be erected and constructed, in a

safe, suitable and proper manner, and shall be so erected and constructed, placed and operated as to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon." Ill. Rev. Stat. 1983, ch. 48, par. 60.

"Sec. 9. Any owner, contractor, sub-contractor, foreman or other person having charge of the erection, construction, repairing, alteration, removal or painting of any building *** or other structure within the provisions of this act, shall comply with all the terms thereof ***.

For any injury to person or property, occasioned by any wilful *** failure to comply with any of its provisions, a right of action shall accrue to the party injured, for any direct damages sustained thereby ***." Ill. Rev. Stat. 1983, ch. 48, par. 69.

■ The Structural Work Act is designed to lessen the extent of danger encountered by workmen employed in hazardous activities. (*Halberstadt v. Harris Trust & Savings Bank* (1973), 55 Ill. 2d 121, 302 N.E. 2d 64.) The purpose of the Act is to remove the fault of the employee as a defense and place the responsibility on the person in charge. *Bryntesen v. Carroll Construction Co.* (1963), 27 Ill. 2d 566, 190 N.E.2d 315.

The plaintiff argues that the Structural Work Act does not deny recovery to sole proprietors and does not limit recovery to those individuals who are servants or employees of others. A number of cases have interpreted the Structural Work Act; consequently, a discussion of the relevant cases would be helpful in determining whether the plaintiff, a sole proprietor, is a protected person within the meaning of the Act. In *Palier v. Dreis & Krump Manufacturing Co.* (1967), 81 Ill. App. 2d 1, 225 N.E.2d 67, a contractor's employee brought suit against an owner allegedly in charge of the work, for injuries he received in a fall from a scaffolding. The owner interpleaded the contractor, seeking indemnity. The owner contended that the injured employee's negligence in constructing the scaffolding was the active cause of the injuries and argued that the employer was liable under the rule of *respondeat superior*. The contractor sought indemnity from the injured employee. The contractor's complaint was dismissed; the court held the employee's negligence would not bar his right to recover under the Structural Work Act.

The *Palier* decision was followed by *National Oats Co. v. Volkman* (1975), 29 Ill. App. 3d 298, 330 N.E. 2d 514. In *National Oats*, a property owner and prime contractor brought an indemnity action against the surviving partner of the subcontractor. The person killed on the jobsite was also a partner of the subcontractor. The court found the indemnity action to be proper even though the person killed was a partner with the subcontractor and his estate might share part of the burden of

the judgment in indemnity. The court allowed the cause of action because of the separate legal status and economic identity of the partnership.

■ The plaintiff argues that his status as a sole proprietor should not preclude him from bringing this action. The plaintiff contends that his situation is similar to that of the deceased partner in *National Oats*, in that he was an injured employee seeking compensation for his injuries and his status as a sole proprietor was separate from his status as an employee. The plaintiff further alleges that such a finding would be consistent with the *Palier* decision noted above, in which the court stated that indemnity may not be used to defeat recovery by an injured worker under the Structural Work Act. *Palier v. Dreis & Krump Manufacturing Co.* (1967), 81 Ill. App. 2d 1, 225 N.E.2d 67.

The plaintiff's argument is incorrect; the plaintiff's assertions are addressed in *Brown v. Village of Shipman* (1980), 89 Ill. App. 3d 194, 411 N.E.2d 569. In *Brown*, plaintiff was a self-employed contractor injured while demolishing a building owned by the defendant, who was alleged to be in charge of the demolition work. The defendant filed a counterclaim, contending that the defendant was only passively negligent while the plaintiff was the active cause of his own injuries. The court allowed the counterclaim against the plaintiff for indemnity although the action would, in effect, permit his contributory negligence to indirectly nullify any value to his cause of action. The court stated that, unlike the employee in *Palier*, the contractor in *Brown* was in charge of the work and subject to the liabilities of the Structural Work Act. Further, the court stated that the contractor did not have the *Palier* plaintiff's status of a protected person within the meaning of the Act.

Similarly, in this case, the plaintiff is a sole proprietor. As a sole proprietor, the plaintiff was in charge of the work being performed in the Boards' home. The plaintiff and his assistant erected the scaffold which eventually tipped over, causing the plaintiff's injuries. The plaintiff brought suit against the prime contractor, B & E Builders, and the homeowners, Benjamin and Paulette Board. The trial court granted the defendant's motion for summary judgment, stating the plaintiff was not a protected person under the Structural Work Act. The trial court's decision is correct. The Structural Work Act is designed to remove the fault of the employee as a defense and place the responsibility on the person in charge. (*Bryntesen v. Carroll Construction Co.* (1963), 27 Ill. 2d 566, 190 N.E.2d 315.) The plaintiff was acting as a sole proprietor and thus was in charge of the work performed. Consequently, he is not a protected person within the meaning of the Structural Work Act.

This result is consistent with a similar Federal case, that being *Flora v. Home Federal Savings & Loan Association* (7th Cir. 1982), 685

F.2d 209. Flora was a sole proprietor who had contracted to work on a building owned by Home Federal Savings and Loan Association. He was injured on scaffolding at the jobsite which he and his men had erected. Flora and his wife sought recovery pursuant to the Structural Work Act against the owner of the building and the architects of the project. After granting the defendants' motion for summary judgment on the counterclaims against Flora, the court ultimately dismissed the entire action. In dismissing the action, the *Flora* court, relying on the *Brown* decision, held that as a sole proprietor, Flora is personally responsible for both the profits and liabilities of his business. In addition, the court stated that Flora and his business are a single legal entity for the purposes of the Structural Work Act and, thus, Flora was not a protected person within the meaning of the Act at the time of his injury.

The plaintiff contends that the *Brown* case, discussed above, was incorrectly decided and, thus, because *Flora* relied upon *Brown*, that *Flora* is also incorrect. The plaintiff argues that *Brown* misinterpreted the *Palier* and *National Oats* decisions. Specifically, the plaintiff alleges that *Palier* stands for the proposition that indemnity may not be used to defeat recovery by an injured worker under the Structural Work Act and *Brown* does exactly that. We believe the *Palier* and *Brown* decisions are correct and consistent. Palier was a protected person under the Structural Work Act; Brown, because he was a contractor, was not. Indemnity could not be pursued against Palier. However, the factual situation in *Brown* was different because Brown was a contractor. Similar to the plaintiff in this case, Brown had an affirmative obligation under the Act and was not a protected person within the meaning of the Act.

With regard to the *National Oats* decision, we find *National Oats* to be consistent with both the *Brown* and *Flora* decisions. The courts in both *Flora* and *National Oats* observed that the interests of a partner and a partnership are not necessarily coextensive. The benefit to a partner is not necessarily a benefit to the partnership. A sole proprietorship is different from a partnership. The distinction is illustrated in *Flora v. Home Federal Savings & Loan Association*, in which the court stated:

> "[Our holding], does not, however, remove the protection of the Act from one who is injured while working for a *separate legal entity* that is eventually found to be responsible for the injury. In such a case, the injured party is not personally in charge of the work and not personally liable. Rather, the responsible party is the separate legal entity, whether that entity be another individual, a corporation, or even a partnership to which the injured person is party. [Citations.] Our holding applies only to an individual who, though injured, is also (1) personally in charge of the work

and (2) the active tortfeasor, and thus ultimately personally liable under the Act." (Emphasis in original.) (*Flora v. Home Federal Savings & Loan Association* (7th Cir. 1982), 685 F.2d 209, 211.) We find the *Brown* and *Flora* cases to be consistent with the prior, above-mentioned decisions. Consequently, the trial court was correct in relying upon the *Brown* and *Flora* cases in granting the defendant's summary judgment motion.

The plaintiff argues that *Simmons v. Union Electric Co.* (1984), 104 Ill. 2d 444, 473 N.E.2d 946, is inconsistent with *Brown* and *Flora*. *Simmons* involved an indemnity action against an employee foreman, while *Brown* and *Flora* involved claims of indemnity against a sole proprietor and not an employee as in *Simmons*. In *Simmons*, the court cites *Flora*, noting the distinction between indemnity from a sole proprietor and a separate legal entity. Consequently, since the plaintiff is a sole proprietor, he does not fall within the protection of the Act under the *Simmons* holding.

The plaintiff's final argument is that the abolition of active-passive indemnity and the adoption of contribution in Structural Work Act cases under *Allison v. Shell Oil Co.* (1986), 113 Ill. 2d 26, 490 N.E.2d 1288, makes the plaintiff a protected party under the Structural Work Act. This argument is incorrect. The liability arising out of the plaintiff's injuries is attributable to the sole proprietorship. The record indicates the plaintiff was solely responsible for constructing the scaffold and in making its adjustments. In addition, any liability of either B & E Builders or the Boards would be collectable from the plaintiff in the form of contribution. Thus, under the reasoning of *Flora*, noted above, the plaintiff is not a protected party under the Structural Work Act.

For the foregoing reasons the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

SCOTT and WOMBACHER, JJ., concur.