JAMES BRIAN DEAN, Plaintiff-Appellant, v. THE TALMAN HOME FEDERAL SAVINGS AND LOAN ASSOCIATION OF ILLINOIS, Defendant-Appellee.

Third District   No. 3—87—0100

Opinion filed November 30, 1987.

Nile J. Williamson and Raymond L. Huff, both of Peoria, for appellant.

Cassidy & Mueller, of Peoria (John E. Cassidy, Jr., of counsel), for appellee.

JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, James Brian Dean (Dean), a sole proprietor roofing contractor, contracted with the defendant, Talman Home Federal Savings and Loan Association of Illinois (Talman), to repair a roof on a home owned by Talman. While Dean was conducting repairs he attempted to move a tree branch which was hanging over a portion of the roof, the branch snapped back and struck Dean in the eye, resulting in injuries. Dean filed suit against Talman seeking damages for the loss of use of his left eye. Dean's complaint contained two counts. Count I was filed pursuant to the Illinois Structural Work Act (Ill. Rev. Stat. 1983, ch. 48, par. 60 *et seq.*); count II contended that Talman was neg-

ligent in failing to warn Dean of unsafe conditions at the jobsite. The circuit court of Peoria County granted the defendant's motion for summary judgment as to both counts of Dean's complaint. Dean has appealed.

Dean contends the following on appeal: (1) that as a sole proprietor he is a "protected person" within the meaning of the Illinois Structural Work Act, and (2) Talman, as an owner of the premises and employer of Dean, had a duty to warn Dean of unsafe conditions at the jobsite. We will address the plaintiff's contentions in the order they are presented.

The Illinois Structural Work Act provides in relevant part:

"§1. That all scaffolds, hoists, cranes, stays, ladders, supports, or other mechanical contrivances, erected or constructed by any person, firm or corporation in this State for the use in the erection, repairing, alteration, removal or painting of any house, building, bridge, viaduct, or other structure, shall be erected and constructed, in a safe, suitable and proper manner, and shall be so erected and constructed, placed and operated as to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon, or passing under or by the same, and in such manner as to prevent the falling of any material that may be used or deposited thereon.

\* \* \*

§9. Any owner, contractor, sub-contractor, foreman or other person, having charge of the erection, construction, repairing, alteration, removal or painting of any building \*\*\* or other structure within the provisions of this act, shall comply with all the terms thereof \*\*\*.

\* \* \*

For any injury to person or property, occasioned by any wilful violations of this Act, or wilful failure to comply with any of its provisions, a right of action shall accrue to the party injured, for any direct damages sustained thereby \*\*\*." Ill. Rev. Stat. 1983, ch. 48, pars. 60, 69.

■ In order to hold a party accountable under the Structural Work Act, it must be determined that the party had charge of the work in question. (*Simmons v. Union Electric Co.* (1984), 104 Ill. 2d 444, 473 N.E.2d 946.) Dean is a self-employed roofing contractor. Dean has had eight years of experience in the roofing business and conducts operations under the name of "Brian Dean Construction," an unincorporated sole proprietorship. Dean was contacted by Walter Rosenthal, Talman's agent. Rosenthal asked Dean to bid on the roof-

ing job. Dean's bid was accepted, and he began working. As an experienced roofing contractor, Dean had apparently had in his inventory of items all the necessary equipment to perform the job in a workmanlike manner. While working on the roof, Dean was using his own equipment. Talman, through agent Rosenthal, controlled when Dean would begin work, the time and manner of Dean's payment, and was to determine if the roof was completed satisfactorily.

■ One or two days before the accident, Rosenthal visited Dean on the jobsite. Rosenthal stated that he had been at the site for about 10 minutes. During that time Rosenthal observed Dean working and inquired as to how the job was progressing. While on the job the next day, Dean attempted to move a tree branch which was hanging over a portion of the roof, the branch snapped back and struck Dean in the eye, resulting in injuries. Dean contends Talman through agent Rosenthal was in charge of the work performed by Dean, and as such, Talman should be liable for Dean's injuries pursuant to the Structural Work Act.

In *Chance v. City of Collinsville* (1983), 112 Ill. App. 3d 6, 445 N.E.2d 39, the court set forth a number of factors to consider when determining whether a defendant has charge of the work under the Act. The factors are:

> "(1) supervision and control of the work; (2) retention of the right to supervise and control the work; (3) constant participation in ongoing activities at the construction site; (4) supervision and coordination of subcontractors; (5) responsibility for taking safety precautions at the jobsite; (6) authority to issue change orders; and (7) the right to stop the work. [Citations.] Other factors include: (8) ownership of the equipment used on the jobsite; (9) defendant's familiarity with construction customs and practices; and (10) whether defendant was in a position to assure worker safety or alleviate equipment deficiencies or improper work habits. [Citation.]" *Chance v. City of Collinsville* (1983), 112 Ill. App. 3d 6, 11, 445 N.E. 2d 39, 42.

In the instant case, Rosenthal visited the jobsite for a total of 10 minutes. One conversation on the jobsite occurred between Dean and Rosenthal. During the conversation, Rosenthal simply inquired as to how the job was progressing. Dean, on the other hand, was an experienced roofing contractor. Further, Dean used his own equipment and conducted the roofing work alone, under his own supervision. Rosenthal's status, and thus Talman's position, was comparable to that of a mere owner of property upon which activity occurs, and not that of a party supervising a subcontractor's project.

■ Dean contends that as a sole proprietor, he is a protected person within the meaning of the Structural Work Act. The plaintiff's argument is incorrect; the plaintiff's assertions are addressed in *Brown v. Village of Shipman* (1980), 89 Ill. App. 3d 162, 411 N.E.2d 569. In *Brown*, plaintiff was a self-employed contractor injured while demolishing a building owned by the defendant, who was alleged to be in charge of the demolition work. The defendant filed a counterclaim contending that he was only passively negligent, while the plaintiff was the active cause of his injuries. The Fourth District Appellate Court allowed the counterclaim against him for indemnity although the action would, in effect, permit his contributory negligence to indirectly nullify any value to his cause of action. The court stated that the contractor in *Brown* was in charge of the work and subject to the liabilities of the Structural Work Act. The court also stated that as a separate legal entity, the contractor did not have a protected person's status within the meaning of the Act. Similarly, in this case, Dean is a sole proprietor. As a sole proprietor, Dean was in charge of the work performed on the repossessed home. Dean used his own equipment, conducted the roofing under his own supervision and had a number of years' experience in the roofing business. The Structural Work Act is designed to remove the fault of the employee as a defense and place the responsibility on the person in charge. (*Bryntesen v. Carroll Construction Co.* (1963), 27 Ill. 2d 566, 190 N.E.2d 315.) The plaintiff was acting as a sole proprietor and, thus, was in charge of the work performed. Consequently, he is not a protected person within the meaning of the Structural Work Act.

This result is consistent with a similar Federal case, *Flora v. Home Federal Savings & Loan Association* (7th Cir. 1982), 685 F.2d 209. Flora was a sole proprietor who had contracted to work on a building owned by Home Federal Savings and Loan Association. He was injured on a scaffolding which he and his men erected at the jobsite. Flora and his wife sought recovery pursuant to the Structural Work Act against the owner of the building and the architects of the project. After granting the defendant's motion for summary judgment on the counterclaims filed against Flora by the building owner and architects, the court dismissed the entire action. In dismissing the action, the *Flora* court, relying upon the *Brown* decision, held that as a sole proprietor, Flora is personally responsible for both the profits and liabilities of his business. In addition, the court stated that Flora and his business are a single legal entity for the purposes of the Structural Work Act, and thus, he was not a protected person within the meaning of the Act at the time of his injury.

Dean contends that *Simmons v. Union Electric Co.* (1984), 104 Ill. 2d 444, 473 N.E.2d 946, is inconsistent with the *Brown* and *Flora* decisions. In *Simmons*, the plaintiff was a foreman injured while he had charge of a repair project on defendant's premises. The defendant filed a third-party indemnity action against plaintiff's employer, and the employer, in turn, filed a counterclaim against the plaintiff for contribution. The Illinois Supreme Court held that although the Act specifically mentions foreman, the use of the word "foreman" does not include a foreman when he himself is the injured workman. The court stated that a contrary holding would conflict with the Act's underlying purpose, which is the protection of workers engaged in hazardous activities. Dean contends the *Simmons* case extends the Act's protection to sole proprietors, such as himself, who are engaged in hazardous activities. This argument is incorrect. In *Simmons*, the injured foreman was an employee working for a separate legal entity. Dean, however, is a sole proprietor, and as such, is personally responsible for the profits and liabilities of his business. We find the *Brown*, *Flora* and *Simmons* cases to be consistent with the result in this case, the distinction being that Dean is a sole proprietor and thus not a protected person within the meaning of the Structural Work Act.

■■ Dean's next contention is that the abolition of the active passive indemnity and the adoption of contribution in Structural Work Act cases under *Allision v. Shell Oil Co.* (1986), 113 Ill. 2d 26, 495 N.E.2d 496, makes Dean a protected party under the Structural Work Act. Dean's argument is incorrect. The liability arising out of Dean's injuries is attributable to the sole proprietorship. Consequently, because the record indicates the plaintiff was responsible for his injuries, he would not be able to obtain contribution from Talman.

■■ Dean's final argument is that Talman, as owner of the premises and "employer" of Dean, had a duty to warn Dean of unsafe conditions at the jobsite. The Restatement (Second) of Torts, section 343, states the settled law regarding the liability of possessors of land to invitees. (*Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, 343 N.E.2d 465.) The Restatement provides:

"A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger." (Restatement (Second) of Torts §343 (1965).)

Dean argues that Talman's failure to warn Dean of the tree branches resulted in Dean's injury. This argument is incorrect; it was reasonable for Talman to assume that Dean would know that tree branches snap back when they are being bent and are subsequently released. Thus, Talman could not have expected Dean to not have known of the possibility of danger when moving the tree branches. A business invitee has responsibility for his own safety and must be equally aware of all the obvious and normal hazards incident to the premises as the possessor of land. (*Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, 343 N.E.2d 465.) Dean was an experienced roofing contractor. Consequently, he should have anticipated the apparent danger of the tree branches hanging over the roof. Thus, Dean was responsible for protecting himself against injury from an obvious threat.

For the foregoing reasons, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

BARRY, P.J., concurs in the result.

WOMBACHER, J., concurs.