HARRY CUTUK, Plaintiff-Appellee, v. HAYES/GALLARDO, INC., Defendant-Appellant (Main Bank, as Trustee, *et al.*, Defendants).

First District (4th Division)   No. 1—90—3693

Opinion filed December 19, 1991.

McKenna, Storer, Rowe, White & Farrug, of Chicago (James P. DeNardo, Joseph J. Wilson, and Christine L. Olson, of counsel), for appellant.

Schroeder & Hruby, Ltd., of Chicago (Ralph R. Hruby, of counsel), for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Defendant, Hayes/Gallardo, Inc., brought this permissive interlocutory appeal after the circuit court of Cook County denied its motion for summary judgment against plaintiff, Harry Cutuk, a sole proprietor. (134 Ill. R. 2d 308.) In the underlying action, plaintiff alleged that he had been engaged as a subcontractor by defendant to perform certain electrical work. Plaintiff further alleged that on July 9, 1987, he sustained personal injuries because defendant furnished him with a defective ladder and, therefore, defendant was liable to him under the Illinois Structural Work Act (the Act) (Ill. Rev. Stat. 1987, ch. 48, par. 60). The only issue on review is whether a sole proprietor is a protected person within the meaning of the Act where the defendant had some control or supervision over the sole proprietor.

We affirm.

Defendant, a general contractor, was employed to renovate a building located at 2014 West Wabansia in Chicago, Illinois. Defendant engaged plaintiff as a subcontractor to install electrical service lines to the building. Plaintiff, an electrical contractor, operated a business under the name of Harry Electric, a sole proprietorship.

On July 9, 1987, plaintiff borrowed a ladder owned by defendant to remove old service lines from the exterior of the building. Although the record is unclear as to whether plaintiff had permission to use the ladder on the date in question, he had received permission from Carlos Gallardo, the representative of defendant, to use the ladder on a previous occasion. Defendant's employee helped move the ladder, and plaintiff and his aide secured the ladder against the building. Plaintiff was working on the ladder when it swayed and tipped. While attempting to steady himself, he received an electrical shock and fell to the ground.

Plaintiff stated that Gallardo was on the jobsite everyday and that Gallardo knew he was going to use the ladder on the day of the accident. Plaintiff testified that Gallardo instructed him on the manner and method of performing the structural work as follows:

> "Well, [Gallardo] would tell [me], 'Okay, this area out here, don't run your pipes in this particular area. I might do something out here; or this area is not ready; or keep the pins, if you're running them through the walls, keep them high because someone else would go through the wall or partition wall,' those kinds of things."

Plaintiff also said that defendant's bank would check his work to ascertain whether he had completed a specified percentage of the job.

He further stated that he was not told how to perform his electrical work nor was he given safety directives, although municipal inspectors would check his work. According to plaintiff's deposition, he considered himself an experienced electrician, was at defendant's job on a daily basis, had his own equipment, brought his own van, and usually provided his own ladders.

Plaintiff filed a two-count amended complaint against Hayes/Gallardo, Inc., Main Bank, as trustee under trust No. 87—103, Arlene Rezman, Dorothy Schwartz and Monica Rezman alleging violations of the Act. On April 27, 1989, Hayes/Gallardo, Inc., the remaining defendant in this action, filed its motion for summary judgment contending that, under Illinois law, plaintiff as a sole proprietor was not a protected person within the meaning of the Act. The court denied defendant's motion and subsequently certified the matter pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308).

The Act provides in relevant part:

"§1. That all *** ladders, supports, or other mechanical contrivances, erected or constructed by any person, firm or corporation in this State for the use in the erection, repairing, alteration, removal or painting of any house, building, *** or other structure, shall be erected and constructed, in a safe, suitable and proper manner, and shall be so erected and constructed, placed and operated as to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon ***." Ill. Rev. Stat. 1983, ch. 48, par. 60.

"§9. Any owner, contractor, sub-contractor, foreman or other person having charge of the erection, construction, repairing, alteration, removal or painting of any building *** or other structure within the provisions of this act, shall comply with all terms thereof ***.

* * *

For any injury to person or property, occasioned by any wilful violations of this Act, or wilful failure to comply with any of its provisions, a right of action shall accrue to the party injured, for any direct damages sustained thereby ***." Ill. Rev. Stat. 1983, ch. 48, par. 69.

Defendant's sole contention on appeal is that since plaintiff is a sole proprietor he is not a protected person under the Act. Plaintiff counters that his status as a sole proprietor should not preclude him from maintaining a Structural Work Act case as a matter of law. Plaintiff further argues that the court must first examine whether the evidence establishes that he was in charge of the work prior to resolv-

ing whether he is excluded from the Act's protection. We agree with plaintiff.

■■ We do not believe that a sole proprietor should be excluded from maintaining an action under the Act as a matter of law. The Act is designed to lessen the extent of danger encountered by those engaged in hazardous work activities. (*Halberstadt v. Harris Trust & Savings Bank* (1973), 55 Ill. 2d 121, 127.) It expressly provides a cause of action for any injury to person or property occasioned by a willful violation of the Act. (Ill. Rev. Stat. 1983, ch. 48, par. 69.) "Illinois courts have mandated that the Act should be liberally construed to carry out its legislative purpose" (*Hughes v. Taylor Electric Co.* (1989), 184 Ill. App. 3d 454, 456), and "to afford 'broad protection to working [people].'" *Halberstadt*, 55 Ill. 2d at 127, quoting *Juliano v. Oravec* (1973), 53 Ill. 2d 566, 570.

The Act does not distinguish a sole proprietor from any other type of worker, and we can find no sound reason for excluding sole proprietors from its protection as a matter of law. Our supreme court stated in *Larson v. Commonwealth Edison Co.* (1965), 33 Ill. 2d 316, that "the thrust of the statute is not confined to those who perform, or supervise, or control, or who retain the right to supervise and control, the actual work from which the injury arises, but, to insure maximum protection, is made to extend to owners and others who have charge of the erection or alteration of any building or structure." (*Larson*, 33 Ill. 2d at 322.) We believe that to strictly construe the Act so as to exclude sole proprietors from its coverage as a matter of law is contrary to the expressed purpose of insuring maximum protection to those engaged in hazardous work activities.

■ Well-established case law supports a finding that the trier of fact must first weigh the evidence and determine whether the sole proprietor was in charge of the work before excluding him from the Act's protection. The Act is intended "to remove fault of the employee as a defense and place full responsibility on the 'person in charge.'" (*Bryntesen v. Carroll Construction Co.* (1963), 27 Ill. 2d 566, 569.) In order to be held liable under the Act, it must be determined that the party had charge of the work in question. *Simmons v. Union Electric Co.* (1984), 104 Ill. 2d 444, 451.

Some factors which are taken into consideration in determining whether a party is in charge of the work under the Act were set forth in *Chance v. City of Collinsville* (1983), 112 Ill. App. 3d 6:

"These factors are: (1) supervision and control of the work; (2) retention of the right to supervise and control the work; (3) constant participation in ongoing activities at the construction

site; (4) supervision and coordination of subcontractors; (5) responsibility for taking safety precautions at the jobsite; (6) authority to issue change orders; and (7) the right to stop the work. [Citations.] Other factors include: (8) ownership of the equipment used on the jobsite; (9) defendant's familiarity with construction customs and practices; and (10) whether defendant was in a position to assure worker safety or alleviate equipment deficiencies or improper work habits." (*Chance*, 112 Ill. App. 3d at 11.)

In addition, a defendant need not be in direct charge of the operation from which the injury arose as long as it is in charge of the overall work. *Kohutko v. Four Columns, Ltd.* (1986), 148 Ill. App. 3d 181, 186.

■ A review of the record supports the trial court's finding that a question of fact exists on the issue of which party was in charge of the work. We find that the trial court must first weigh the evidence and determine whether the sole proprietor was in charge of the work before excluding him from maintaining an action under the Act.

Further, we believe that the sole proprietor should be a protected person within the meaning of the Act where defendant has some control over the sole proprietor. In *National Oats Co. v. Volkman* (1975), 29 Ill. App. 3d 298, a subcontractor, who was also a partner in a firm, was killed on the jobsite. After decedent's representative obtained a judgment under the Act, the property owner and the prime contractor filed an indemnity action against the surviving partner of the firm. In permitting the indemnity action, the court stated that the Act "casts responsibility upon the responsible persons pro rata." (*National Oats*, 29 Ill. App. 3d at 303.) Further, the fact that decedent's estate may share in the liability for the violation of the Act did not preclude the action altogether. (*National Oats*, 29 Ill. App. 3d at 303.) The court recognized that an indemnity action would indirectly defeat part of the plaintiff's liability because of the separate legal and financial identity of the partnership.

This court has recognized that more than one entity may be in charge of the work within the meaning of the Act. (*Carlson v. Metropolitan Sanitary District of Greater Chicago* (1965), 64 Ill. App. 2d 331.) In the event both defendant and plaintiff are held to be in charge of the work, defendant may bring an action in contribution against plaintiff in his capacity as the sole proprietorship seeking contribution to the extent that the sole proprietor was responsible. See *National Oats*, 29 Ill. App. 3d 298.

In so holding, we are cognizant of the decisions of the Illinois Appellate Court for the Third District in *Holley v. Badgerow* (1987), 162 Ill. App. 3d 572, and *Dean v. Talman Home Federal Savings & Loan Association* (1987), 163 Ill. App. 3d 800. In *Holley*, the plaintiff was a sole proprietor and subcontractor who was hired by the contractor to rebuild a fireplace. The plaintiff, in turn, hired a mason and a general laborer to assist him. After the plaintiff sustained injuries on the jobsite, he filed a Structural Work Act claim against the contractor and the owner of the property. The trial court granted the defendants' motion for summary judgment, finding that the plaintiff was not a protected person within the meaning of the Act. In affirming the trial court, the appellate court held that the plaintiff was not a protected person because as a sole proprietor he was in charge of the work. *Holley*, 162 Ill. App. 3d at 575.

The *Holley* court held that the plaintiff was in charge of the work without weighing the evidence. The court appears to state categorically that a sole proprietor, without more, is in charge of the work. We believe it is error to find that a sole proprietor is in charge of the work without first conducting a thorough review of the facts.

Similarly in *Dean v. Talman Home Federal Savings & Loan Association* (1987), 163 Ill. App. 3d 800, the plaintiff was a sole proprietor and roofing contractor whom the defendant had hired to repair a roof on a repossessed house. The defendant controlled where the plaintiff could begin the work, the time and manner of the plaintiff's payment, and also determined whether the work was completed in a satisfactory manner. The court, however, held that the defendant's position was comparable to that of a mere property owner and not that of a party supervising a subcontractor's project. The court concluded that the plaintiff, as sole proprietor, was in charge of the work and not protected by the Act because he used his own equipment, worked under his own supervision and had a number of years of experience in the roofing business. (*Dean*, 163 Ill. App. 3d at 804.) Although the facts were weighed in *Dean*, the court relied on the case of *Brown v. Village of Shipman* (1980), 89 Ill. App. 3d 162, to hold that a sole proprietor is not a protected person under the Act because he is in charge of the work.

In *Brown*, the plaintiff was a sole proprietor who was injured while demolishing a building owned by the defendant and who was in charge of the demolition. The defendant filed a counterclaim against the plaintiff for indemnity which was dismissed by the trial court. On appeal, the court expressly recognized that the sole proprietor had a cause of action under the Act, but held that where a sole proprietor

shares responsibilities and potential liability under the Act he may not seek the Act's protection for the consequences of his own fault. (*Brown*, 89 Ill. App. 3d at 165.) The court stated that a counterclaim for indemnity would permit a sole proprietor's degree of negligence to indirectly nullify the value of his cause of action. (*Brown*, 89 Ill. App. 3d at 166.) We believe that *Brown* preserves a sole proprietor's standing to bring a Structural Work Act case to the extent he is not in charge of the work. See *National Oats Co. v. Volkman* (1975), 29 Ill. App. 3d 298.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

JIGANTI, P.J., and LINN, J., concur.