(No. 73132.—

HARRY CUTUK, Appellee, v. HAYES/GALLARDO, INC., *et al.* (Hayes/Gallardo, Inc., Appellant).

*Opinion filed October 15, 1992.*

Menges, Mikus & Molzahn, of Chicago (Randall G. Talan and Joseph J. Wilson, of counsel), for appellant.

Schroeder & Hruby, Ltd., of Wheaton (Carl F. Schroeder and Ralph R. Hruby, of counsel), for appellee.

James Paul Costello, of Chicago, for *amicus curiae* Illinois Trial Lawyers Association.

Cole, Grasso, Fencl & Skinner, Ltd., of Chicago (Joseph F. Spitzzeri and Joseph B. Carini III, of counsel),

for *amicus curiae* Illinois Association of Defense Trial Counsel.

JUSTICE CUNNINGHAM delivered the opinion of the court:

Pursuant to the Structural Work Act (the Act) (Ill. Rev. Stat. 1987, ch. 48, par. 60 *et seq.*) the plaintiff, Harry Cutuk, filed this action against Hayes/Gallardo, Inc., and other defendants. Hayes/Gallardo (defendant) moved for summary judgment, based upon the fact that Cutuk was a sole proprietor. The trial court denied defendant's motion for summary judgment, but certified the following question to the reviewing court: "Is a sole proprietor a protected person within the meaning of the Structural Work Act where the defendant had some control and/or supervision over the sole proprietor?" The appellate court affirmed the decision of the trial court (223 Ill. App. 3d 1097). On March 27, 1992, this court granted leave to appeal pursuant to Supreme Court Rule 315 (134 Ill. 2d R. 315). We now conclude that whether a sole proprietor is protected under the Act is a question of fact properly determined by a jury. Therefore, we affirm the decision of the appellate court.

As this is an interlocutory appeal in this court to review action on a motion for summary judgment, the facts underlying the instant case were developed through the pleadings and the deposition of Harry Cutuk. Hayes/ Gallardo was the general contractor hired to renovate a building located at 2014 West Wabansia in Chicago. This building was owned by Arlene M. Rezman, Dorothy Schwartz and Monica Rezman and was held in trust with Main Bank as trustee. Harry Cutuk, the plaintiff, was hired by Hayes/Gallardo to work as an electrical subcontractor on this project.

As owner of Harry Electric, Cutuk was a sole proprietor. He had one employee, Ekrum Causevic, who as-

sisted him in completing the electrical work. Cutuk owned his own tools and equipment and would, generally, bring them to the jobsite when they were needed. However, on this occasion, Cutuk had borrowed an extension ladder owned by Hayes/Gallardo.

While working on this renovation project, Carlos Gallardo, one of the partners owning Hayes/Gallardo, was present at the worksite every day. The other partner, James Hayes, was present at the jobsite approximately once a week. Cutuk testified that Gallardo would give him general instructions as to where the work was to be performed and when, such as:

> "Well, Gallardo would tell [me]. 'Okay, this area out here, don't run your pipes in this particular area. I might do something out here; or this area is not ready; or keep the pins, if you're running them through the walls, keep them this high because someone else would go through the wall or partition wall,' those kinds of things."

Cutuk testified that he frequently received such instruction from Gallardo and he would therefore consult with Gallardo before he moved to another area of the building to work. However, Cutuk never received any instructions from Gallardo on how to perform his work safely.

Additionally, before Cutuk was paid, "the bank" would have to approve his work. Each month, a representative from this bank (presumably, Cutuk referred to Main Bank, one of the defendants) would appear to inspect the jobsite and determine what percentage of work had been completed in order to determine how much money to pay the subcontractors.

While renovating the electrical wiring, plaintiff was to install temporary service lines for new electrical service to the building. In installing the temporary lines, Cutuk testified that it was necessary to cut the old ser-

vice lines while they were still alive with electrical current and then install temporary service lines.

On July 9, 1987, Cutuk borrowed an extension ladder owned by Hayes/Gallardo to help him reach these electrical wires. Cutuk had borrowed the ladder on previous occasions, with the permission of Gallardo, and testified that there was nothing structurally wrong with the ladder. In fact, Cutuk testified that he had used this ladder to complete much of the exterior electrical work.

On this particular occasion, the ladder was passed out of a third-story window by one of Hayes/Gallardo's employees to Cutuk and Ekrum. Cutuk and Ekrum placed the ladder against the side of the building and Cutuk climbed the ladder until he stood on the third rung from the top, apparently at the level of the third story.

After he had severed the old lines and while he was installing the temporary lines, the ladder swayed and tipped to Cutuk's left. Cutuk reached to grab at the surface of the building to steady himself when he came in contact with one of the live wires. The electrical current shocked him and he fell to the ground, sustaining serious injury.

Cutuk filed a complaint, seeking to recover his damages, which was later amended twice. Count I of the complaint was filed against Hayes/Gallardo and alleged a violation of the Structural Work Act (Ill. Rev. Stat. 1987, ch. 48, par. 60 *et seq.*). Count II charged Main Bank, as trustee under Trust No. 87–103, Arlene M. Rezman, Dorothy Schwartz, and Monica Rezman with violations of the Act. All parties, except Hayes/Gallardo, settled.

On April 27, 1989, Hayes/Gallardo filed a motion for summary judgment on the grounds that, as a matter of law, a sole proprietor is not protected under the Act. However, on April 25, 1990, the trial court denied the defendant's motion for summary judgment.

The appellate court affirmed the trial court's holding that there was no reason to exclude a sole proprietor from protection under the Act and that there was a question of fact on the issue of which party was in charge of the work.

We granted Hayes/Gallardo's petition for leave to appeal to this court to answer the question certified by the trial court. Hayes/Gallardo contends that because Cutuk admits to being a sole proprietor, as a matter of law he cannot be a protected person under the Act. On the other hand, Cutuk argues that use of the phrase "sole proprietor" should not automatically lead to a conclusion as a matter of law that a party is not protected under the Act.

We agree with Cutuk and affirm the judgment of the appellate court. There is no magical property to be attributed to the term "sole proprietor" which would automatically trigger a conclusion as a matter of law that an individual was in charge of the construction project and thus not protected under the Act. Rather, the relevant question is whether the sole proprietor had charge of the work.

The Structural Work Act carefully sets out who may be held liable for a violation. The Act indicates that a number of persons "having charge of" the renovation of a building may be held to be responsible for any injuries to workers which occur during the project. Specifically, the Act reads in relevant part:

> "§1. All *** ladders, supports, or other mechanical contrivances, erected or constructed by any person, firm or corporation in this State for the use in the erection, repairing, alteration, removal or painting of any house, building, bridge, viaduct, or other structure, shall be erected and constructed, in a safe, suitable and proper manner, and shall be so erected and constructed, placed and operated as to give proper and adequate protection

to the life and limb of any person or persons employed or engaged thereon \*\*\*." Ill. Rev. Stat. 1987, ch. 48, par. 60.

"§9. Any owner, contractor, sub-contractor, foreman or other person having charge of the erection, construction, repairing,˙ alteration, removal or painting of any building \*\*\* or other structure within the provisions of this act, shall comply with all the terms thereof \*\*\*.

\* \* \*

For any injury to person or property, occasioned by any wilful violations of this Act, or wilful failure to comply with any of its provisions, a right of action shall accrue to the party injured, for any direct damages sustained thereby \*\*\*." Ill. Rev. Stat. 1987, ch. 48, par. 69.

The Structural Work Act was intended to "remove fault of the employee as a defense and place full responsibility on the 'person in charge.' " (*Bryntesen v. Carroll Construction Co.* (1963), 27 Ill. 2d 566, 568-69, quoting *Gannon v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co.* (1961), 22 Ill. 2d 305, 320.) This court has stated that to be liable under the Act, it must be clear that a party "had charge of" the work. (*Simmons v. Union Electric Co.* (1984), 104 Ill. 2d 444, 451.) However, where one does not have charge of the work, he is incapable of a violation under the Act and is therefore found to be a protected person who may maintain a cause of action. (See *Palier v. Dreis & Krump Manufacturing Co.* (1967), 81 Ill. App. 2d 1, 9.) Therefore, if Cutuk did not have charge of the work, he may be considered a protected person under the Act.

This court has recognized that a particular job title is not determinative in analyzing which entity has charge of the work. An earlier decision of this court found that an owner is not necessarily liable unless that owner was in charge:

" 'It was not the intention of the legislature [in enacting the Structural Work Act] that the owner should be liable

regardless of who was in charge of the work, but to hold the person in charge of the work responsible regardless of whether it was the owner, contractor, sub-contractor, foreman or other person having charge of the building project. This can be the only logical conclusion. If the legislature intended otherwise, certainly more appropriate and clearer and less ambiguous language could have been used.' " *Gannon v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co.* (1961), 22 Ill. 2d 305, 319-20, quoting *Schmid v. United States* (E.D. Ill. 1957), 154 F. Supp. 81, 88.

In *Simmons*, this court held that a foreman may recover as a protected person under the Act, despite being one of those individuals named in the Act as "having charge of" the work. This court explicitly rejected the argument of the third-party defendant and counterclaimant that, because plaintiff was a foreman, he was accountable for his actions under an indemnity theory. In rejecting the argument, the court stated that "this construction would conflict with our analysis of the Act and its underlying purpose, which is the protection of workers, *regardless of their title*, engaged in hazardous activities which benefit society." (Emphasis added.) *Simmons*, 104 Ill. 2d at 461-62.

Hayes/Gallardo seeks, however, to dismiss this action merely on the basis of Cutuk's status as a "sole proprietor." Such action would fly in the face of this court's pronouncements in *Gannon* and *Simmons* and we refuse to do so. As *Simmons* makes clear, we must first determine whether the party had charge of the work, regardless of his job title.

The party having charge of the work is primarily a question of fact. (*Simmons*, 104 Ill. 2d at 452, quoting *McGovern v. Standish* (1976), 65 Ill. 2d 54, 66.) "Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." (*Puttman v. May Excavating Co.*

(1987), 118 Ill. 2d 107, 112; Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c).) On a summary judgment motion, the court's task is not to resolve a disputed factual question; instead, the reviewing court is to determine whether a factual question exists at all. (*Puttman*, 118 Ill. 2d at 112.) From the limited facts developed in the instant case, it is apparent that a question of fact exists here.

Cutuk testified that Gallardo instructed him as to the placement of his pipes and coordinated the activities of all the subcontractors. Cutuk was required to obtain permission from Main Bank before proceeding in his work. Gallardo was always present at the jobsite and gave permission to Cutuk to borrow his equipment. Conversely, Cutuk testified that he made all the decisions about the electrical work and Gallardo gave him no direction as to safety matters.

All of these factors together raise a factual question as to who had charge of the work. Because of this, summary judgment was improper and, for that reason, the appellate decision was correct.

Hayes/Gallardo argues that an earlier line of cases establishes that recovery under the Act is precluded where one acknowledges that his status is a "sole proprietor." However, this line of cases is actually two decisions, both decided by the same court and delivered by the same judge within two months of each other. *Holley v. Badgerow* (1987), 162 Ill. App. 3d 572, began with a complaint filed by Archie Holley pursuant to the Act. The trial court granted defendant's motion for summary judgment, holding that, as Holley was a sole proprietor, he had charge of his work and thus he was not a protected person under the Act.

Without undertaking an analysis of the facts presented, *Holley* upheld the grant of summary judgment. A review of a number of decisions rendered pursuant to the Act led the court to conclude:

"Similarly, in this case, the plaintiff is a sole proprietor. *As a sole proprietor, the plaintiff was in charge of the work being performed in the Boards' home.* The plaintiff and his assistant erected the scaffold which eventually tipped over, causing the plaintiff's injuries. The plaintiff brought suit against the prime contractor, B & E Builders, and the homeowners, Benjamin and Paulette Board. The trial court granted the defendant's motion for summary judgment, stating the plaintiff was not a protected person under the Structural Work Act. The trial court's decision is correct." (Emphasis added.) *Holley*, 162 Ill. App. 3d at 575.

*Holley*, therefore, equates status as a sole proprietor with "having charge of" the work. We cannot agree that the term "sole proprietor" triggers such an assumption as a matter of law.

Similarly, in *Dean v. Talman Home Federal Savings & Loan Association* (1987), 163 Ill. App. 3d 800, the court upheld the trial court's grant of defendant's summary judgment motion because Dean was a sole proprietor. Reviewing many of the same cases, the *Dean* court concluded, "The plaintiff was acting as a sole proprietor and, thus, was in charge of the work performed. Consequently, he is not a protected person within the meaning of the Structural Work Act." *Dean*, 163 Ill. App. 3d at 804.

As the holdings of *Dean* and *Holley* seem to rest completely upon the fact that the plaintiff was a sole proprietor and thereby assume, without more analysis, that the plaintiff was in charge of the work, we must question their soundness. There is nothing magical about the words "sole proprietor." By admitting to having this status, the plaintiff does not automatically doom his fate. Prior decisions of this court indicate that there must be more to indicate that plaintiff had charge of the work. As the reasoning employed in these two opinions overlooks a critical step in the analysis and the conclusion

reached is therefore faulty, we overrule both *Holley v. Badgerow* and *Dean v. Talman Home Federal Savings & Loan.*

Hayes/Gallardo also directs our attention to *Flora v. Home Federal Savings & Loan Association* (7th Cir. 1982), 685 F.2d 209, as standing for the proposition that a sole proprietor necessarily has charge of the work completed at a construction project. The *Flora* court did find that the sole proprietor was not entitled to a claim under the Illinois Structural Work Act. However, we note that the court specifically limited its holding, saying, "Our holding applies only to an individual who, though injured, is also (1) *personally in charge of the work* and (2) the active tortfeasor \*\*\*." (Emphasis added.) (*Flora*, 685 F.2d at 211.) *Flora*, therefore, never made the assumption which defendant urges upon us that a sole proprietor is necessarily in charge of the work.

Hayes/Gallardo also argues that the decision of the appellate court should be reversed on public policy grounds, as giving liability to a sole proprietor having charge of the work would further the purposes of the Act. This argument again presupposes that a sole proprietor necessarily has charge of the work. As we are unwilling to accept this contention, we cannot accept defendant's argument.

In conclusion, we affirm the judgment of the appellate court, which affirmed the decision of the circuit court.